R. E. HAYNES v. Y. M. RIZER et al.

CHANCERY PLEADINGS AND PRACTICE. *Original and supplemental bills. Assignment. Trustee.* R. made a general assignment of all his property, real and personal, to C., in trust for his creditors, which was noted for registration on the next day. Between the execution of the deed and the noting for registration, several creditors of R. filed attachment bills to attach his property upon the ground that he was about fraudulently to dispose of his property, and the attachments were levied on the realty and part of the personalty before the trust deed was noted for registration. The trustee applied to

the court by petition to be made a defendant in the attachment suits, and afterwards for leave to file an original bill in the nature of a supplemental bill or in the nature of a cross-bill in those suits, which applications were refused by the chancellor, to which several actions of the court he excepted, filed bills of exceptions, and appealed. *Held*, upon his application to this court for a *supersedeas* or order to restrain a sale of the property in the attachment suits, that he was not entitled to be made a party to those suits, either as complainant or defendant.

*Held further*, that the trustee, whether he claimed the superior title to the property in dispute over the attaching creditors or as a purchaser *pendente lite*, must assert his rights by an original bill, in which he may obtain such injunctive process to restrain action in the attachment cases as he may show himself entitled to, and upon such terms as the chancellor may legally impose, and that he is not entitled to the restraining process now asked for.

FROM WILLIAMSON.

Appeal from the Chancery Court at Franklin. W. S. FLEMING, Ch.

E. M. HEARN, COOK & MARSHALL and DAVID CAMPBELL & SON for petitioner.

COOPER, J., delivered the opinion of the court.

On October 21, 1884, at half past three o'clock in the afternoon, the defendant, Y. M. Rizer, conveyed to H. H. Cook, in trust, for the benefit of all his creditors, his real and personal property, and immediately thereafter acknowledged the deed for registration and delivered it to the trustee. The deed was noted for registration in the register's office of Williamson county, in which county the realty and personal chattels then were, at thirty-five minutes after six o'clock on the next morning. On the same day the deed was

signed and delivered, but at a later hour of the even-
ing, the four attachment bills, which have been con-
solidated in this cause, were filed by different creditors
of Y. M. Rizer, to attach his property upon the ground
that he was about to fraudulently dispose of his prop-
erty.    The attachments issued in these causes were all
levied on the defendant Rizer's real estate before the
trust deed was noted for registration, and were also
levied upon various articles of personalty before such
noting for registration, and upon other articles of per-
sonalty afterward.    The subpœna to answer was, in
each case, served on Rizer afterwards.    He filed pleas
in abatement of the writs of attachment, and answers.
Such proceedings were had in the causes that the pleas
were stricken out, the debts of the complainants ascer-
tained upon reference, and a decree rendered in favor
of the complainants against Rizer for the amounts
severally due to them, and their respective priorities
declared, a receiver to take possession of the property
appointed, and the property ordered to be sold, by
decree of January 9, 1885, in satisfaction of the debts,
the land on credit, free from the equity of redemption.

On December 9, 1884, H. H. Cook, as trustee
under the deed of assignment of Rizer, filed a peti-
tion in each of the attachment suits, for the purpose
of being let in to defend his rights therein.    These
petitions were on the next day ordered by the court
to be removed from the files, because filed without
leave of the court.    On the same day Cook made
an application for leave to file his petitions, which
motion, after consideration, was denied on December

18.    On December 22, Cook made another application to file an amended petition, which motion, after consideration until December 31, was refused.   On January 6, 1885, Cook, as trustee, on behalf of the creditors of Rizer, who had accepted the trust, and of all other creditors who might choose to come in and avail themselves of the benefit of the suit, filed his bill against the parties to the several attachment suits to assert his rights under the trust deed to the property in controversy.   On January 7, he moved the court for leave to file his bill, as an original bill in the nature of a supplemental and cross-bill in the consolidated attachment causes, which motion was refused by the court.   To the action of the court on his several applications the said Cook excepted at the time, and filed bills of exceptions showing the facts, and from the order of the court refusing his last application, he prayed an appeal, which was granted, to revise the action of the chancellor on these motions. Having given bond, as required by the chancellor, Cook has filed in this court the record in the attachment suits, with his petitions and bill, and bills of exception, and action of the court on his motions, and now moves this court for a writ of restitution to restore him to the possession of the property, or for an order to restrain the sale of the property, pending his appeal, or for a writ of *supersedeas* to supersede the execution of the order of sale.

The orders or writs asked for are such as this court is authorized to make or grant in aid of its appellate jurisdiction, and not upon original applica-

tion. And it is clear, therefore, that the petitioner is not entitled to the relief he seeks unless he is a party to the attachment suits, or shows such a state of facts as required the court below, upon one or more. of his applications, to make him a party. He is not a party, the chancellor having persistently refused to allow him to come in, either as complainant or defendant. He must, therefore, rely upon his right to become a party.

His petitions and bills show that Cook claims the property in controversy only under his trust deed. And under that deed he must either have acquired a title to the property prior and superior to that of the attaching creditors, or be a purchaser pending the litigation of these suits. In neither event can his petitions to become a defendant be sustained. For these suits not involving the title to property, and only seeking to enforce debts, there is no statute authorizing such intervention; and there is no such practice in equity as the making of a person a defendant on his own application over the objection of the complainant: *Comfort* v. *McTeer*, 7 Lea, 652; *Ogburn* v. *Dunlap*, 9 Lea, 162, 166; *Stretch* v. *Stretch*, 2 Tenn. Ch., 140. And a purchaser *pendente lite* is not entitled to be made a party to the litigation, either by petition or by original bill in the nature of a supplemental bill: *American Exchange Bank* v. *Andrews*, 12 Heis., 306. A cross-bill is a bill brought by a defendant in a suit against the complainant and other parties respecting the matters involved in the original bill, and is an inherent part thereof, to be

heard with it: *Hergel* v. *Laitenberger,* 2 Tenn. Ch., 251; *Comfort* v. *McTeer,* 7 Lea, 652, 662.

The object of the several applications of the petitioner, Cook, was to become a party to the attachment suits, and make the defense of Rizer to the attachment sued out by the attaching creditors, upon the suggestion that Rizer had failed to make the defense, either through collusion or from inattention and indifference. But, as has been expressly held by this court, if the petitioner claims under Rizer, pending the suit, he must abide by the case made against Rizer: *American Exchange Bank* v. *Andrews,* 12 Heis., 309. "He who purchases during the pendency of a suit is held bound by the decree that may be made against the person from whom he purchases: *Id.*

If, indeed, after an assignment, *pendente lite,* there is collusion between the assignor and the opposing litigant, or if for any other reason it becomes essential to the rights of the assignee that he should intervene in the litigation, the remedy is not by becoming a party to the original suit, unless the opposing party consent, but by an original bill, which is spoken of in the books as an original bill in the nature of a supplemental bill, or in the nature of a cross-bill, according as the complainant claims under the plaintiff or defendant. In either case the complainant in the new bill would have the benefit of the proceedings in the first suit previous to the assignment, and could assert all the rights acquired by the assignment, not under the original bill, but under his new bill: *Trabue* v. *Bankhead,* 2 Tenn. Ch., 412;

*Paul* v. *Williams*, 12 Lea, 215, 220; *Comfort* v. *Mc-Teer*, 7 Lea, 652, 671. And if the assignee attacks any part of the proceedings in the first suit as collusive or fraudulent, his remedy is of course by an original bill: 12 Heis., 309. His remedy is also by an original bill if he claims a title to property in dispute prior and superior to that of either of the parties litigating in relation to it. And nothing done in the suit between such litigants, to which he is not a party, can affect his rights. His remedy to stay proceedings in the other suit is not by any of the modes resorted to in this case, but by an injunction, upon some ground which shows that he is entitled to it, and upon such terms as the chancellor may legally impose upon him.

The application of the petitioner, Cook, is refused with costs.