## AMERICAN MILLING COMPANY v. CAIRO OIL MILL COMPANY, et al.

Western Section. July 3, 1929.

Petition for Certiorari denied August 1, 1929.

Miles, Waring & Walker and Allen Cox, Jr., of Memphis, for appellants.

J. R. McDowell, of Memphis, for appellees.

OWEN, J. The American Milling Company, hereinafter called complainant, has appealed from a decree rendered in the chancery court of Shelby county in which it sought to recover a judgment by garnishment against the Cairo Oil Mill Company, hereinafter called defendant.

The complainant, American Milling Company, a Delaware Corporation, sued the defendant, Cairo Oil Company, an Illinois Corporation, for $3,210.13 for breach of contract. This bill was filed on the 4th day of August, 1928, and prayed for an attachment, which was granted, and garnishment was served on the garnishee, Marianna Sales Company, a Tennessee Corporation in the City of Memphis, on the same day.

On August 23rd plaintiff filed an amended bill more fully setting out the damages caused by defendant's breach of contract, manner, mode, form and amounts and itemized same.

On the 14th day of September, 1928, garnishee filed a sworn answer setting out that it had a credit on its books in the sum of $1,801.75 belonging to the defendant arising by reason of business dealings with said defendant. Garnishee further stated that after the garnishment Hayes Grain & Commission Company, of Chicago, Illinois, an Illinois Corporation, intervening petitioner, claimed a part of this fund, but that garnishee knows nothing about their claim whatsoever, because said fund is credited on garnishee's books in the name of the defendant, and further said claim of intervening petitioner was not asserted until after garnishment was served.

Garnishee paid said balance on their books to defendant's credit into court and was thereupon discharged. The defendant was brought into court by proper publication, failed to file an answer or otherwise defend the suit, and pro confesso was taken against said defendant on the 25th day of October, 1928.

Before final judgment was taken the Hayes Grain & Commission Company of Chicago, Illinois, filed an intervening petition, in which they set a claim that the greater portion of the amount held by the garnishee, and which had been paid into court, was the property of the petitioner and not the property of the Cairo Oil Mill Company, defendant.

Chancellor De Haven found in favor of the petitioner and we copy from his finding of facts, as follows:

(1) The purpose of the original bill filed in this cause is to recover of the defendant, Cairo Oil Mill Company, damages to the amount of $2426.46 alleged to have been sustained by complainant by reason of said defendant's failure to ship 120.96 tons of cotton seed cake sold by it to complainant. Complainant American Milling Company, is a Delaware corporation, and Cairo Oil Mill Company is an Illinois corporation. Attachment was prayed for in the bill and was served by garnishment on Marianna Sales Company of Memphis, Tennessee. The garnishee answered that it had $1801.75 on its books to the credit of the Cairo Oil Mill Company and proceeded to pay said amount into the registry of this court and was, thereupon discharged.

The Cairo Oil Mill Company was brought into court by proper publication; but failed to make answer to complainant's bill, or otherwise defend the suit, and pro confesso has been taken against it.

The Hayes Grain & Commission Company, an Illinois corporation, has filed its intervening petition in the cause asserting that $1675 of the fund paid into court belongs to it.

(2) The record discloses that Marianna Sales Company sold to the Cairo Oil Mill Company three hundred tons of cotton-seed cake, evidenced by three written contracts covering one hundred tons each. The first contract, of date March 6, 1928, shows price of $45.25

per ton; the second contract, of date March 6, 1928, a price of $45.50 per ton, and the third contract of March 6, 1928, a price of $45.50 per ton. All prices were F. O. B. Cars at mill, Greenwood, Mississippi. Deliveries were to be made, under the three contracts in May, June and July, respectively.

(3) The Cairo Oil Mill Company on March 7, 1928, sold the cottonseed cake called for by said contract to Hayes Grain & Commission Company of Chicago, Illinois, petitioner here at the following prices: Cake covered by the first contract at $45.75 per ton, or a profit of fifty cents per ton on one hundred tons, making $50; cake covered by the second contract at $46 per ton, or a profit of fifty cents on 100 tons, making $50; cake covered by the third contract at $46 per ton, or a profit of fifty cents on 100 tons making $50. The total profit to the Cairo Oil Mill Company being $150. (See Exhibits 19, 2021).

(4) The Hayes Grain & Commission Company of Chicago, sold the cottonseed cake called for by the three contracts to the Hayes Grain & Commission Company of Little Rock, Arkansas, a separate corporation, at the price of $51.50 per ton F. O. B. Greenwood, Mississippi, and said cake was shipped out by the Marianna Sales Company on instructions given by the Little Rock Company, or by the Cairo Oil Mill Company in its behalf. The Little Rock Company was invoiced for the cake by the Marianna Sales Company, at $51.50, and after deducting the original price for the cake, the amount paid into court represents the profit made by the Cairo Oil Mill Company and the Hayes Grain & Commission Company of Chicago. Of this amount, the Cairo Oil Mill Company is entitled to $150. The balance belongs to the Hayes Grain & Commission Company of Chicago, Illinois, the petitioner here.

(5) The Marianna Sales Company had no notice that the Cairo Oil Mill Company sold said cake to the Hayes Grain & Commission Company, of Chicago, until August 11, 1928, when the latter company notified it by letter, enclosing debit memorandum. The bill herein was filed on August 4, 1928. The fact is, however, that the Cairo Oil Mill Company had sold cake to the Hayes Grain & Commission Company on March 6, 1928, the day after its purchase by the Oil Mill Company. Certainly, the Oil Mill Company could not sustain its right to said fund as against its vendee. A creditor of the Oil Mill Company can have no higher or better right to said fund than has that company. That the Cairo Oil Mill Company did sell to the Hayes Grain & Commission Company is evidenced by the original sales memoranda. That the latter company did sell to the Little Rock Company is admitted by the Oil Mill Company in its letter of July 25, 1928, to the Little Rock Company, wherein it is stated: 'They (Marianna Sales Company) are to invoice same to you at your purchase price from Hayes Grain & Commission Company,

Chicago, which is $51.50 per ton cars at Greenwood, Mississippi.' Thus it is clear that were this litigation between the Cairo Oil Mill Company and the Hayes Grain & Commission Company, of Chicago, over said fund, that the Oil Mill Company could not possibly be adjudged to have larger interest therein than $150. The fact that the Marianna Sales Company had no notice of the sale by the Oil Mill Company to the Chicago Company is not material. Under the facts shown in the stipulation, it is my judgment that a decree must go down awarding $150 of said fund to complainant and the balance to petitioner. Costs on the original bill will be paid by defendant, Cairo Oil Mill Company out of said $150. The costs on the petition will be paid by petitioner.

"March 25, 1929.                                    D. W. DeHaven,
                                                        "Chancellor.''

From the decree denying complainant a right to recover all the funds paid in by the garnishee, the complainant excepted, prayed and perfected an appeal to this court and has assigned three errors as follows:

"Assignment of Error No. I.

"The court erred in allowing and considering the intervening petition of the Hayes Grain & Commission Company, of Chicago, Illinois, in this cause.

"Assignment of Error No. II.

"The court erred in holding that Hayes Grain & Commission Company, of Chicago, Illinois, intervening petitioner, was entitled to $1651.75 of the fund in court, giving them superior rights to complainant's attachment.

"Assignment of Error No. III.

"The court erred in holding that the complainant, American Milling Company, was entitled to only $150, and in not holding that they were entitled to $1801.75, all the fund in court, and in not holding that their attachment was superior to intervening petitioner's claim.''

Learned counsel for appellant states in his brief that the questions at issue on this appeal are as follows:

"1st. Did intervening petitioner have a right to intervene in this court?

"2nd. Did garnishee hold the balance of money collected for cake sold in trust for defendant and or for whomsoever had an interest therein?

"3rd. Has intervening petitioner prior and superior rights or claims to the funds in court over complainant's attachment?''

It is insisted that this intervening petitioner has, without process, attachment, or written evidence to support its allegations, come into this case and made an entirely new lawsuit out of it, injecting new

matter and raising questions not germane with the issues presented by the pleadings.

It is insisted that the petitioner is estopped to now prosecute its petition. A court of equity should permit all persons in interest to be made parties whether such interest be mediate or immediate, present or future. Birdsong v. Birdsong, 2 Head, 289 and 302.

A court of equity has power to recognize an equitable interest even as against a legal title, and if the equities be made out, it will require that they be satisfied before a legal title will be enforced. 10 R. C. L., "Equity" sec. 98, page 348.

It is a well known maxim of equity that equity regards that as done which ought to be done, and that equity looks to the substance and not to the form, and will look through every transaction in its zeal to do justice.

A court of equity will grant relief where the rights of relief or procedure in law is inadequate. 10 R. C. L., page 271, et. seq.; 21 C. J., page 70, et seq.

We are of the opinion that the intervening petitioner is not estopped from setting up its claim to the fund in controversy. Neither is the petitioner guilty of laches. The petitioner was in court before final judgment was had. The complainant had not been put to any delay.

The Chancellor, in his finding of facts, states that the garnishee had no notice that the defendant had sold the cake to the petitioner until August 11, 1928. This is a slight error. On June 18, 1928, the defendant wrote a letter to the garnishee and sent copies, as appears from the stipulation of counsel, to the Hayes Grain & Commission Company of Little Rock, Arkansas, and to the petitioner, in which letter it was stated that Mr. Knight, of the Hayes Grain & Commission Company of Little Rock, Arkansas, would give instructions as to the shipping of the May, June and July shipments of cake. The defendant also wrote to the petitioner, in regard to this cake, on July 25th. However, the Chancellor's error is immaterial and certainly not harmful to the appellant.

We are of the opinion that the fund the Chancellor allowed the petitioner in equity belonged to the petitioner and not to the defendant, and it not being the defendant's money, the complainant is not entitled to apply it on its judgment or claim against the defendant.

It results that the assignments of error are overruled and disallowed and the decree of the Chancellor is in all things affirmed. The appellant will pay the costs of appeal for which execution will issue against it and its surety. The costs of the lower court will be paid as decreed by the Chancellor. The cause will be remanded to

the Chancery Court of Shelby county for the purpose of paying out the funds in said court in conformity to the decree of the Chancellor. Heiskell and Senter, JJ., concur.