Mrs. S. A. Woodard, Complainant, Appellee, v. Metropolitan Life Ins. Co., et al., Defendant, Appellant.*

(*Nashville*, December Term, 1929.)

Opinion filed March 1, 1930.

JOHN E. FISHER, J. A. NEWMAN and HARRY A. LUCK, for Mrs. Woodard, complainant, appellee.

G. S. MOORE, for Insurance Company, defendant, appellant.

MR. JUSTICE COOK delivered the opinion of the Court.

John L. Brummett carried three policies of insurance on his life with the defendant Company aggregating $1128. After the death of the insured, June 20, 1927, his mother, Mrs. Woodard, claimed the insurance and filed the original bill against Mrs. Mary Brummett, widow of the insured, joining also the Insurance Company as a party defendant. The bill presented no controversy with the Company and sought no relief against it unless it denied liability under the policies. Beyond this, as against the Company, she asked only for an injunction to restrain payment of the proceeds to the widow or any other claimant pending litigation. An injunction was granted under a *fiat,* which reads as follows:

"Complainant having taken the oath prescribed for poor persons, issue writs of injunction as prayed for in the foregoing bill; but the insurance company may, if it desires, pay said policies into the registry of this court, the proceeds to be disposed of under orders herein."

The Company thereupon filed an answer setting forth the facts and asked that it be taken as a bill in the nature of a bill of interpleader against its co-defendant Mrs. Brummett and the complainant Mrs. Woodard. Its bill was sustained as a bill of interpleader and the fund was paid into court. Subsequently, Mrs. Woodard and Mrs. Brummett adjusted their controversy and an agreed decree was entered under the original bill disposing of the fund. The Company insisted that the fee of its solicitor for filing the bill of interpleader should be taxed as costs and paid out of the fund. The chancellor refused to allow the fee and the Company appealed. The assignments of error raise the question of whether or not upon the bill of interpleader the Company was entitled to an allowance of a solicitor's fee as a matter of right.

The remedy by bill of interpleader is designed to protect a stakeholder against the vexation of proceedings by two or more doubtful claimants when the whole matter may be settled in a single suit.

The original bill of Mrs. Woodard opened the way for ascertainment of the beneficiary under the policies without the necessity of interpleader. The widow of the insured, Mrs. Brummett, and his mother, Mrs. Woodard, were the only claimants to the insurance and the object of the original bill was to determine which of them was the beneficiary. The chancellor obviated the necessity for a bill of interpleader. His *fiat* restraining payment of the insurance to Mrs. Brummett permitted the

328

Company to pay the fund into court and receive its discharge, or to defer settlement of the insurance until the rights of the two claimants were determined by a decree under Mrs. Woodard's original bill.

It is insisted that the decree sustaining appellant's bill of interpleader adjudicated the question of its propriety or necessity and that the refusal of the chancellor to allow the solicitor's fee was error. The right to such fees does not necessarily follow a finding that the bill of interpleader was properly filed. Such allowances are in the nature of costs, and are not of right, but rest in the sound discretion of the court, and are not to be made unless a clear case of necessity demands the filing of the bill. *Inter-Southern Life Ins. Co.* v. *McDaniel,* 19 S. W. (2d), 269.

In refusing to allow and tax appellant's solicitor's fee against the fund, the chancellor exercised a sound discretion. His discretion in such matters will not be reversed on appeal except in a clear case of abuse. 11 Ency. Pl. and Pr., 480.

We find no error and the decree of the chancellor is affirmed.