IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 31, 2012 Session

## CAROL CRISEL v. THOMAS CRISEL

**Appeal from the Circuit Court for Jefferson County**
**No. 22,530-IV    Hon. O. Duane Slone, Judge**

_____

**No. E2010-02042-COA-R3-CV-FILED-FEBRUARY 22, 2012**

_____

This appeal involves the "spousal impoverishment" provision of the Medicare Catastrophic Coverage Act of 1988 ("MCCA"). Thomas Crisel ("Husband") was placed in a nursing home for health-related problems. Subsequently, Carol Crisel ("Wife") filed a complaint against Husband in which she sought spousal support in the form of a transfer of the family residence and all of his income. The trial court granted Wife's request and filed an order reflecting its decision. Upon receiving notice of the order, the Tennessee Department of Human Services ("TDHS") filed a motion to intervene and to set aside the order pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The trial court denied the motion. TDHS appeals. We reverse the judgment of the trial court and remand with instruction to the trial court to reconsider Wife's complaint for spousal support with TDHS participating as an intervening party.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, and Sue A. Sheldon, Senior Counsel, Health Care Division, Nashville, Tennessee, for the appellant, Tennessee Department of Human Services.

Alexander M. Taylor, Knoxville, Tennessee, for the appellee, Carol Crisel.

C. Douglas Berryhill, Jefferson City, Tennessee, guardian ad litem for the institutionalized spouse, Thomas Crisel.

**OPINION**

**I. BACKGROUND**

Husband was placed in a nursing home after he was diagnosed with Alzheimer's disease and other medical problems necessitating specialized care. While Husband was institutionalized, he still received approximately $3,802.61 in monthly income. Wife filed a complaint for spousal support, asserting that she did not have a monthly income and that her monthly expenses exceeded $5,000. She acknowledged that Husband was eligible for Medicaid and that she would be entitled to a portion of Husband's income pursuant to the minimum monthly maintenance needs allowance ("MMMNA") provided for in the MCCA. She believed that her allotted MMMNA would not cover her monthly expenses and asked the court to award her the family residence and all of Husband's income. She opined that the court had the authority to award her more than she was eligible to receive under the MMMNA without affecting Husband's eligibility for Medicaid.

The court appointed a guardian ad litem for Husband but did not notify TDHS of the impending hearing. The court entered an order on June 28, 2010, finding that

> Wife's reasonable and necessary monthly expenses exceed the State's [MMMNA] of $1,821. Under the authority of the Federal law, the [c]ourt finds that [Wife] is a spouse in need of support from [Husband], and those needs can only be [met] by entering an order of support and property for [Wife] against [Husband]. [Wife] has therefore established to the satisfaction of the [c]ourt that she is entitled to a deviation from the [starting] point of the qualification of income set forth in the [MCCA].

The court further stated, "Upon approval of [Husband's] application for Medicaid, under the authority of state and federal law[, the] community spouse monthly income allowance shall be set at 100 [percent] of [Husband's] monthly income."

Upon its receipt of the order allocating all of Husband's income to Wife, TDHS filed a motion to intervene and to set aside the order. This consolidated motion was filed on July 29, 2010, approximately 31 days after the order was entered. TDHS asserted that it was entitled to intervene as of right because its interest in the hearing was not adequately protected. TDHS opined that it was responsible for determining income and resource eligibility for Medicaid benefits and that the transfer of Husband's income impoverished him, making him a ward of the state and affecting public funds. TDHS contended that the court failed to use the proper eligibility standards as required by the MCCA, impacting the fiscal strength of the MCCA. TDHS related that Husband's application for Medicaid revealed

unreported sources of income that should have been considered before determining that Wife was entitled to a deviation from the MMMNA.

Wife responded by asserting that TDHS was not entitled to notice of the hearing or to be made a party to the proceeding. She related that Rule 60.02 relief from the order was unwarranted given the facts of the case. The court did not specifically rule on the motion to intervene but denied the entirety of the consolidated motion, finding "that the motion [did] not meet the requirements of Tenn. R. Civ. P. 60.02." This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised by TDHS on appeal as follows:

A. Whether the trial court erred in denying the motion to intervene.

B. Whether the trial court erred in denying the Rule 60.02 motion.

## III. STANDARD OF REVIEW

"The standard of review on appeal for the denial of intervention as of right is de novo." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). However, this court reviews the timeliness of an application for intervention under an abuse of discretion standard. *Id.* Likewise, a ruling on a Rule 60.02 motion to set aside may not be reversed on appeal unless the trial court abused its discretion. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

## IV. DISCUSSION

"Title XIX of the Social Security Act, enacted in 1965, authorizes Federal grants to States for medical assistance to low-income persons who are . . . disabled []." 42 C.F.R. § 430.0. "The program is jointly financed by the Federal and State governments and administered by States." 42 C.F.R. § 430.0. In Tennessee, TDHS is tasked with utilizing "broad Federal rules" in determining "eligible groups, types and range of services, payment

levels for services, and administrative and operating procedures." 42 C.F.R. § 430.0; *see also* 42 C.F.R. § 431.10; Tenn. Code Ann. § 71-5-104. TDHS must ensure compliance with the broad federal rules or risk the loss of federal funding. 42 U.S.C. § 1396c; 42 C.F.R. § 430.35. Applicants may receive assistance if their income and resources are within a certain range. The spousal impoverishment provisions of the MCCA were enacted in 1988 to ensure that maintaining an institutionalized spouse's eligibility for medical assistance did not impoverish the community spouse. 42 U.S.C. § 1396r-5; *see Blumberg v. Tennessee Dep't. of Human Servs.*, No. M2000-00237-COA-R3-CV, 2000 WL 1586454, at *2 (Tenn. Ct. App. Oct. 25, 2000). If a spouse believed that the MMMNA was inadequate for his or her needs, the spouse could seek an increase of the amount through an administrative Medicaid fair hearing or through a court order. *Blumberg*, 2000 WL 1586454, at *2-3. If a spouse elected to pursue an increase through the court system, then the court was tasked with applying "the standards utilized to determine [M]edicaid eligibility in this state." Tenn. Code Ann. § 71-5-121.

## A.

TDHS asserts that the trial court erred in implicitly denying the motion to intervene because it had a "duty under federal and state law to ensure that Medicaid eligibility requirements [were] applied correctly to institutionalized persons and their community spouses." TDHS relates that "it will be required to follow the order of allocation made by the trial court in assessing [Husband's] eligibility for Medicaid-funded nursing home care and the patient liability amount for which [Husband] will be responsible." Wife responds that denial of the motion to intervene was warranted because the motion was untimely. She asserts that allowing TDHS to intervene would unnecessarily force her to participate in a second trial.

The parties are in agreement that by not specifically ruling on the motion to intervene, the trial court implicitly denied the motion. *See Carson v. Challenger Corp.*, No. W2006-00558-COA-R3-CV, 2007 WL 177575, at *4 (Tenn. Ct. App. Jan. 25, 2007) (providing that a person never becomes a party to an action if the trial court does not grant a motion allowing the person to become a party). Accordingly, we must determine whether the trial court erred in implicitly denying the motion to intervene. Intervention as of right is governed by Rule 24.01 of the Tennessee Rules of Civil Procedure, which provides,

> Upon timely application anyone shall be permitted to intervene in an action:
> (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to

-4-

protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

There are essentially four elements that a party seeking to intervene as of right must establish before an application for intervention will be granted. *Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 190-91. The party must show that: "(1) the application for intervention was timely; (2) [he or she has] a substantial legal interest in the subject matter of the pending litigation; (3) [the] ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent [that] interest[]." *Id.* "While the precise nature of the interest required to intervene as of right has eluded exact definition, it is clear that the right does not include a mere contingent, remote, or conjectural possibility of being affected as a result of the suit, but must involve a direct claim on the subject matter of the suit such that the intervenor will either gain or lose by direct operation of the judgment." *Id.* at 192.

Here, TDHS had a substantial legal interest in the subject matter of the litigation because it was tasked with ensuring compliance with federal requirements in order to maintain state funding of Medicaid. Regardless of whether TDHS was involved in the hearing, it must follow a court order regarding monthly income for the support of the community spouse. *See* 42 U.S.C. § 1396r-5(d)(5) ("If a court has entered an order against an institutionalized spouse for monthly income for the support of the community spouse, the community spouse monthly income allowance for the spouse shall be not less than the amount of the monthly income so ordered."). TDHS would be bound by such an order even if it would not have granted a deviation from the MMMNA. *Blumberg*, 2000 WL 1586454, at *3. The parties, Wife and Husband, could not adequately protect TDHS's interest because they were biased in their hope of securing additional income for Wife. Accordingly, we conclude that TDHS had a substantial legal interest in the subject matter of the suit, that the interest was impaired, and that the parties to the suit could not adequately protect that interest. We must now determine whether the motion for intervention was timely.

"The timeliness of an intervention is governed by equitable principles, and is determined by the facts and circumstances of each particular case." *Am. Materials Techs., LLC v. City of Chattanooga*, 42 S.W.3d 914, 916 (Tenn. Ct. App. 2000). In determining whether an intervention is timely, courts consider,

(1) the point to which the suit has progressed;

(2) the purpose for which intervention is sought;

(3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case;

-5-

(4) the prejudice to the original parties due to the proposed intervener's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and

(5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* "Generally, an applicant for intervention must show proper diligence, and the right to intervene may be lost by unreasonable delay or laches after knowledge of the suit." *Id.* (citing *EEOC v. United Air Lines, Inc.*, 515 F.2d 946 (7th Cir.1975)). "[I]ntervention may be timely, after judgment, depending upon the facts." *Id.* (citing *Hamilton Nat. Bank v. Woods*, 238 S.W.2d 109, 112 (Tenn. Ct. App. 1948)). In such cases, "the rights of the original litigants [may] not be injuriously affected," the court must still maintain jurisdiction over the judgment and subject matter, and "good and sufficient cause" must be "shown for the delay." *Woods*, 238 S.W.2d at 112.

While the trial court had entered a judgment in the case before TDHS filed its motion to intervene, TDHS never received notice of the hearing. The motion was filed approximately 31 days after entry of the order, while the court maintained jurisdiction over the judgment. Indeed, the motion was filed within the time allotted for filing a Rule 60.02 motion. *See Blumberg*, 2000 WL 1586454, at *3 ("Once [TDHS] received notice that they had in fact gone over the MMMNA, [TDHS] could have filed a motion to set aside the [order] and allow them to intervene."). Good and sufficient cause was shown for the delay because TDHS did not receive notice of the hearing until after the order had been entered. Additionally, the purpose for which intervention was sought, to ensure compliance with federal law in order to secure federal funding, is paramount.

We also do not believe that the rights of the parties will be injuriously affected by the intervention of TDHS. Wife asserted that allowing TDHS to participate in the hearing on her complaint for spousal support would unnecessarily subject her to another trial. We disagree. The parties could have notified TDHS of the hearing prior to the court's ruling on the matter, thereby precluding any need to revisit the issue at the trial level. We acknowledge the decision from the middle section in which this court held that TDHS is not entitled to notice in actions of this nature. *Id.* at *4. In *Blumberg*, husband filed a petition against wife, seeking wife's marital assets and an increase in the MMMNA. The trial court granted the motion, but upon approval of wife's Medicaid application, TDHS denied husband's request for an increase in his MMMNA. Husband appealed, and the middle section of this court held that TDHS was bound to follow the court order awarding husband all of wife's income, regardless of whether TDHS received notice of the hearing. Relative to notice, the court held that while providing TDHS with notice would be good policy, providing notice was not a

requirement. The court opined that once TDHS received notice of the order, it could have filed a motion to intervene and to set aside the order. We agree that TDHS is entitled to take such an action in hopes of overturning an order in similar cases. However, limiting TDHS involvement in that manner fails to recognize the unique position that TDHS plays in cases involving Medicaid.

TDHS is tasked with ensuring compliance with federal law in issues relating to Medicaid eligibility. If TDHS fails to comply with the federal requirements governing Medicaid, Tennessee will lose federal funding, placing a large number of individuals at risk of losing medical assistance. With these considerations in mind, we decline to follow the reasoning from the decision of the middle section of this court on this issue and conclude that parties seeking an increase in their MMMNA through the court system should provide TDHS with notice of the hearing on the complaint. A bright-line rule requiring parties to notify TDHS when they seek an increase in the MMMNA through the court system encourages Tennessee's compliance with federal requirements, while allowing the two independent avenues of procedure in securing an increase of a community spouse's MMMNA to remain mutually exclusive. Accordingly, we conclude that the motion was timely because Wife failed to notify TDHS of the hearing on the petition. Given these unusual circumstances, we also conclude that the trial court erred in denying the motion to intervene.

B.

Having determined that the trial court should have granted the motion to intervene as of right, we must now address the issue of whether the trial court erred in denying the Rule 60.02 motion to set aside the order. An order may be set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure when,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud [], misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). "Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

Here, the motion for relief pursuant to Rule 60.02 was filed within a reasonable time after the order was entered, namely 31 days. In support of its motion to set aside the order, TDHS alleged that Wife had additional sources of income that were not considered by the court and that she no longer had an expense that was considered by the court. It is unclear whether TDHS was asserting that Wife had misrepresented her income and expenses or whether TDHS was asserting that changes had occurred, justifying reconsideration of the order. If the former assertion applied, TDHS failed to submit any proof that Wife had misrepresented her income and expenses. *See McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997) ("Parties seeking [Rule 60.02] relief must substantiate their request by clear and convincing evidence."). If the latter assertion applied, relief was not available because "Rule 60.02 [wa]s 'not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order.'" *Henderson v. SAIA Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010) (quoting *Toney*, 810 S.W.2d at 146).

Additionally, TDHS asserted that the court failed to enter the requisite finding pursuant to 42 U.S.C. § 1396-r5(e)(2)(B) that exceptional circumstances justified impoverishing Husband and awarding Wife all of Husband's income. We agree that the court failed to make this finding; however, a mistake of law cannot form the basis for Rule 60.02 relief. *Spruce v. Spruce*, 2 S.W.3d 192, 195 (Tenn. Ct. App. 1998). TDHS also argued that sustaining the transfer of marital assets when the requisite finding of exceptional circumstances had not been made would result in the circumvention of the Medicaid eligibility process, rendering the process superfluous. While this argument was related to the claim that the trial court had mistakenly applied the law, it was far enough removed to qualify as a claim for a general assertion of relief pursuant to Rule 60.02(5). *See Duncan v. Duncan*, 789 S.W.2d 557, 564 (Tenn. Ct. App. 1990) (providing that Rule 60.02 relief pursuant to the catch-all provision is "applicable to situations that are not covered by the other clauses in [Rule 60.02] or to cases of extreme hardship").

"Relief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship." *Lethcoe*, 18 S.W.3d at 624. We believe that this is a case of overwhelming importance and that extraordinary circumstances have been shown. As discussed previously, failure to follow the federal

requirements relating to Medicaid eligibility could result in the loss of federal funding, placing a large number of individuals at risk of losing medical assistance. With these considerations in mind, we conclude that the court's failure to issue the requisite finding provided a sufficient reason to set aside the order. Accordingly, we reverse the order of the trial court denying the Rule 60.02 motion.

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for the court to reconsider Wife's complaint for spousal support with TDHS participating as an intervening party. Costs of the appeal are taxed to the appellee, Carol Crisel.

_____
JOHN W. McCLARTY, JUDGE