IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

# AMERICAN MATERIALS TECHNOLOGIES, LLC.,v. THE CITY OF CHATTANOOGA and THE CHATTANOOGA CITY COUNCIL, and ADAMS LITHOGRAPHING COMPANY, ET AL.

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 98-0991- Part 1     Hon. W. Frank Brown, III, Chancellor**

---

**No. E1999-00806-COA-R3-CV - Decided Jun 2, 2000**

---

This is an appeal from the Chancellor's refusal to allow movants to intervene in the case. Movants filed a motion to intervene after the parties had entered a consent judgment, and the Chancellor overruled the motion. On appeal, we affirm the Chancellor's determination.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court is Affirmed.**

FRANKS, J., delivered the opinion of the court, in which GODDARD, P.J., and SUSANO, J., joined.

John R. Anderson, Harry R. Cash and B. Allison Edgmon, Grant, Konvalinka & Harrison, P.C., Chattanooga, Tennessee for Plaintiff-Appellee.

Phillip A. Noblett, City Attorney's Office, City of Chattanooga, Tennessee, for Defendants-Appellees.

John W. Murrey, III, Hugh J. Moore, Jr., Philip B. Whitaker, Jr., and William R. Hannah, Witt, Gaither & Whitaker, P.C., Chattanooga, Tennessee for Intervening Defendants/Appellants.

## OPINION

On August 24, 1998, plaintiff purchased property intending to conduct a quarry business. At the time the property was purchased, it was zoned M-1, a designation that would allow for the operation of a quarry. On September 22, 1998 and December 15, 1998, the Chattanooga City Council adopted two ordinances which removed rock quarries and other outdoor uses from the M-1

zone, and placed them in a new M-4 zone. These ordinances had the effect of prohibiting the plaintiff from conducting a quarry business on its land. Plaintiff filed this action on September 30, 1998, and on July 22, 1999, the Chancellor entered a Memorandum Opinion and Order declaring the two ordinances to be invalid, and enjoined defendants from enforcing any part of them.

On August 31, 1999, the Chattanooga City Council voted to approve a settlement of the dispute presented by its attorney. The Chancellor entered a consent judgment on September 1, 1999, stating that the parties had agreed to a compromise and settlement of the issues. The judgment held the second of the two ordinances under consideration to have been validly enacted as to all businesses other than the plaintiff's, and that the plaintiff was entitled to operate a rock quarry and other activities in accordance with the zoning ordinances that had been in effect at the time of the purchase. The judgment also provided that plaintiffs were not entitled to any damages for the delays caused in procuring its right to operate a quarry.

On September 28, 1999, the movants filed a motion to intervene. The movants are nine businesses located in close proximity to the proposed quarry, and opposed the development because of negative impact on their business, and the potential danger of physical harm to their property.

The movants applied to intervene as of right, or alternatively for permissive intervention pursuant to Rules 24.01 and 24.02 of the Tennessee Rules of Civil Procedure. Intervention as of right is governed by Tenn. R. Civ. P. 24.01, which provides:

> **24.01. Intervention as of Right.** - Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

Our courts have not expressly adopted a standard of review for the denial of a motion to intervene as of right. However, a Sixth Circuit case arising out of this State adopted the following standard of review articulated by the Ninth Circuit:

> The Ninth Circuit . . . deploys an abuse of discretion standard for the timeliness prong of the intervention of right requirements, and reviews de novo the remaining Rule 24(a)(2) factors.

*Grubb v. Norris*, 870 F.2d 343, 345 (6th Circ. 1989); *also see Geier v. Sundquist*, 94 F.3d 644 (6th Circ. 1996). While the Sixth Circuit concerns itself with the Federal Rules of Procedure, the Tennessee Rule on intervention is substantially identical to the Federal rule. Moreover, the abuse of discretion standard appears to be the universal rule. *See* Annotation, ALR 2d §1306, §§4[a]8[b], 12[b]; 57 ALR Fed. 150 §3[b].

The timeliness of an intervention is governed by equitable principles, and is determined by the facts and circumstances of each particular case. In determining whether an intervention is timely, courts consider the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervener's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Velsicol Chemical Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir. 1993); *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Circ. 1984).

The general rule relating to the matter before us is well stated in 59 Am.Jur.2d *Parties,* §162, p. 648:

> A judgment or decree entered by consent of the original parties is a final judgment or decree and accordingly, in the absence of special circumstances, precludes intervention under the general rule against intervention after entry of a final judgment or decree.

Special circumstances can create an exception to the general rule, and this Court has recognized that intervention may be timely, after judgment, depending upon the facts. *See Hamilton National Bank v. Woods*, 238 S.W.2d 109, 112 (Tenn. Ct. App. 1948).

The parties contend that the would-be interveners did not attempt to intervene earlier, and that their delay should make intervention unavailable. Generally, an applicant for intervention must show proper diligence, and the right to intervene may be lost by unreasonable delay or laches after knowledge of the suit. *See EEOC v. United Air Lines, Inc.,* 515 F.2d 946 (7th Cir. 1975) (holding denial of intervention depends in part on time during which applicant knew of interest in case but failed to apply to intervene.)

Movants contend that they made no attempt to intervene earlier, because the City had adequately represented their interest until the consent judgment was entered, and that their efforts to intervene were timely because their motion was filed within thirty days from the entry of the compromise judgment.

The Chancellor's memorandum opinion entered some six weeks before the compromise judgment was filed, invited the parties input as to an appeal pursuant to Tenn. R. Civ. P. Rule 54, and their positions on the issue of any damages for the delay suffered by plaintiff. More importantly, the Chancellor dissolved the temporary injunction which had prevented plaintiff from proceeding with development of its quarry. Movants knew, or should have known, that the

-3-

Chancellor had invalidated the two ordinances, and that the City's options were either to compromise or appeal the Chancellor's decision. It is clear that subsequently the City negotiated with plaintiff and reached a proposed settlement which was publicly approved by the City Commission, followed by the entry of the compromise judgment. There is no showing that movants inquired into the status of the matter during the six weeks between the entry of the memorandum opinion and the consent judgment. Prejudice has resulted to the original parties by movants' failure to promptly move to intervene during the parties' negotiations and before entry of the consent judgment. On the basis of the record before us, we cannot say the Chancellor abused his discretion in denying intervention.

Accordingly, we affirm the judgment of the Trial Court and remand with the cost of the appeal assessed to the appellants.