IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2008 Session

**IN RE: ESTATE OF WILLIAM ANTHONY LUCY**

**RITA CLARK, SHELBY COUNTY ASSESSOR OF PROPERTY ET AL.**
**v.**
**NAOMI SCHUTTE, AS ADMINISTRATRIX OF THE ESTATE OF**
**WILLIAM ANTHONY LUCY**

**Direct Appeal from the Probate Court for Shelby County**
**No. D-1164-2    Karen D. Webster, Judge**

———————

**W2007-02803-COA-R3-CV - Filed August 20, 2008**

———————

The Shelby County Assessor and Shelby County moved to intervene in a probate case in order to amend a prior order previously entered adjudicating a claim made against the decedent's estate by the City of Memphis for delinquent personal property taxes. The would-be intervenors claimed as their interest in the case the possibility that the probate court's decision might be deemed preclusive in a tangentially related chancery proceeding. The probate court denied the motion to intervene and ordered that the movants pay the estate's attorney's fees. We conclude that the movants did not possess a substantial legal interest in the litigation warranting their intervention under Tenn. R. Civ. P. 24.01, and we further conclude that the probate court did not abuse its discretion in finding the motion to be untimely. Accordingly, we affirm the probate court's denial of the motion to intervene as well as its denial of a companion motion made under Tenn. R. Civ. P. 60.02. We, however, vacate its decision awarding the estate attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed in Part,**
**Vacated in Part, and Remanded**

WALTER C. KURTZ, SR. J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Brian L. Kuhn, Shelby County Attorney, and Thomas E. Williams, Assistant County Attorney, for the appellants, Rita Clark, Shelby County Assessor of Property, and Shelby County, Tennessee.

Jerry H. Schwartz, Memphis, Tennessee, for the appellee, Naomi Schutte, as Administratrix of the Estate of William Anthony Lucy.

**OPINION**

This is an appeal by Rita Clark, Assessor of Property for Shelby County, Tennessee, and Shelby County itself (Assessor and County) from a judgment of the Probate Court for Shelby County. The Assessor and County sought to intervene in a probate case, but this motion was denied; the probate court then taxed them with attorney's fees. For the reasons stated herein, the decision below denying the motion to intervene (as well as denying a related motion under Tenn. R. Civ. P. 60.02) is affirmed, that portion of the probate court's order awarding attorney's fees is vacated, and this case is remanded for further proceedings consistent with this opinion.

**I**

William Anthony Lucy (Decedent) died testate on July 6, 2006. His will was admitted to probate in Shelby County, Tennessee, and his sister, Naomi Schutte, was appointed administratrix of his estate (Estate) by an order dated July 19, 2006. That same order allowed Ms. Schutte to continue operating a vehicle towing business that had been owned by the Decedent during his life. Prior to his death, the Decedent had managed to incur a substantial tax debt to the City of Memphis due to his failure to pay or contest various assessments of taxes owed on certain of his personal property.

On November 13, 2006, the City of Memphis filed a claim against the Estate for these unpaid taxes. It contended that the Decedent owed $90,866.14. The probate court held a hearing on January 17, 2007 as to this claim. The Estate and the City of Memphis both appeared through counsel. The court determined that the amount owed should be adjusted to $15,898.16. There is no transcript of this hearing. Following the hearing, the probate court entered an order, which reads in pertinent part as follows:

> The Court has determined that the proper personal property tax assessments and the resulting personal property tax liability of William Anthony Lucy and his Estate for years 2001-2006 should be adjusted in accordance with and as calculated on the schedule attached hereto.
>
> WHEREFORE it is ordered, adjudged and decreed that the schedules attached hereto are complete and accurate and the Estate is indebted to the City of Memphis for personal property taxes, interest, penalties and related fees . . . in the total amount of $15,898.16 for tax years 2001, 2002, 2003, 2004, 2005, and 2006.

This order was dated January 24, 2007. No appeal was taken by the City of Memphis. Also on the 24th of January, the Estate filed a complaint in the Chancery Court for Shelby County alleging that the Assessor had failed to comply with State Board of Equalization rules governing the calculation of tax assessments for the years 2001 through 2004.

On September 14, 2007, the Assessor and County moved to intervene in the probate action

pursuant to Tenn. R. Civ. P. 24.01. On October 1, 2007, they filed a motion under Tenn. R. Civ. P. 60.02 seeking to set aside the order of January 24, 2007. These motions were heard on October 12, 2007 and denied by an order dated November 2, 2007. In addition to denying these motions, the order taxed the Assessor and County with the Estate's attorney's fees related to opposing these motions. The specific amount of attorney's fees was left undetermined by the probate court. This appeal followed.

## II

Unfortunately, the Assessor and County spill much ink attacking the probate court's order of January 24, 2007 and, more specifically, making arguments concerning that court's jurisdiction. Their contention is that the language of the January 24th order incorrectly presumes that the probate court had jurisdiction to recalculate and revise the tax assessments at issue. This argument is misplaced. Unless and until the Assessor and County are allowed to intervene in this case, they have no standing to challenge or complain of the probate court's actions.

Rule 24 of the Tennessee Rules of Civil Procedure governs intervention. Rule 24.01 addresses intervention as of right, while Rule 24.02 covers permissive intervention. In spite of some suggestion in their brief on appeal to the contrary, the Assessor and County clearly only sought intervention as of right pursuant to Tenn. R. Civ. P. 24.01 in the probate court below.

There are three bases upon which a movant may obtain intervention under Tenn. R. Civ. P. 24.01. One of these is by "stipulation of the parties." Tenn. R. Civ. P. 24.01(3). That is certainly not the case here. Another provision provides for intervention "when a statute confers an unconditional right to intervene." Tenn. R. Civ. P. 24.01(1). The Assessor and County have not argued this as a basis and have not cited to us any statute that might provide for their intervention in this case. There is, though, a third possible basis upon which intervention as of right may be obtained, and that is "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties[.]" Tenn. R. Civ. P. 24.01(2).

Our Supreme Court has explained the language of Tenn. R. Civ. P. 24.01(2) as follows:

> A party seeking to intervene as of right under Rule 24.01 must establish that (1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interests.

*State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 190-91 (Tenn. 2000) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). The burden of showing that these requirements have been met rests with the would-be intervenor. *Blount v. City of Memphis*, No.

W2006-01191-COA-R3-CV, 2007 WL 1094155, at *2 (Tenn. Ct. App. April 13, 2007) (citing *Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 191). "Intervention is concerned with something more than standing to sue[.]" 59 Am. Jur. 2d *Parties* § 179 (2008). "Where the question is not simply one of standing, but of the right to intervene, the interest must be more refined, more direct, and more substantial." *Id.*

"Where the [m]otion to [i]ntervene is an intervention as of right, the standard by which this court reviews the trial court's decision is 'de novo, except for the timeliness of the application which is reviewed under an abuse of discretion standard.'" *In re Estate of Brown*, No. M2005-00864-COA-R3-CV, 2006 WL 3071247, at *2 (Tenn. Ct. App. Oct. 27, 2006) (quoting *Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 191); *see Gonzalez v. State Dep't of Children's Services*, 136 S.W.3d 613, 618 (Tenn. 2004) ("For denial of intervention as of right (for a reason other than the timeliness of the application), review is de novo.") (citation omitted).

### III

### A. Motion to Intervene

Timeliness is a requirement for a motion to intervene under Tenn. R. Civ. P. 24.01(2), and the probate court's order reflects that this was one of its prime considerations in denying the motion. That order articulates its reasons for finding the motion to be untimely, including the fact that the motion came several months after the probate court had entered its order disposing of the tax claim made by the City of Memphis and administration of the Estate was nearing completion. Under these circumstances, the probate court did not abuse its discretion in denying the motion for want of timeliness. *See, e.g., American Materials Techs., LLC v. City of Chattanooga*, 42 S.W.3d 914, 916 (Tenn. Ct. App. 2000) (articulating the "equitable principles" to be used in assessing the timeliness of a motion to intervene) (citations omitted).

Moreover, denial of the motion was undoubtedly proper due to the lack of any substantial legal interest on the part of the Assessor and County in these probate proceedings. We note that, while the Assessor and County bear the burden of showing how they might be affected by this case, they have identified as their only interest some vague concern about the probate court's order of January 24, 2007 potentially being deemed preclusive in litigation involving the Assessor's method of making tax assessments.

This concern is unfounded. The probate court's decision revising the assessment occurred when the City of Memphis sought to collect a tax debt from the Estate. The interest at stake then was nothing more than the amount of money alleged to be owed to the City of Memphis. To the extent that the probate court was then in error, the City of Memphis had the interest in appealing and thus in obtaining the full amount of the tax assessment—but, it did not appeal. It appears that the Assessor and County now seek intervention simply so that they can win a declaration that the probate court never possessed jurisdiction to revisit these tax assessments and that instead the diminution should have been considered as nothing more than a compromise and settlement of the debt.

We believe that the interests of the City of Memphis and the Assessor are so obviously distinct that the actions of the probate court in this case would not affect the chancery proceedings. The City of Memphis and the Assessor are separate governmental entities with different responsibilities. Tactical concessions made by the City of Memphis would thus have no preclusive effect on the Assessor or County in litigation concerning the manner in which the Assessor performs assessments.

As for the intimation seemingly now made on appeal by the Assessor and County that they also met the requirements for permissive intervention under Tenn. R. Civ. P. 24.02, that basis was not properly presented to the probate court below. But, in light of the foregoing reasons for denying the motion under Tenn. R. Civ. P. 24.01—and this would extend to consideration of the untimeliness of the proposed intervention—there would have been no abuse of discretion in also denying a motion for permissive intervention, even if it had been sought. *See Mfrs. Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846, 861 (Tenn. Ct. App. 2000) ("[T]he decision to allow a permissive intervention is a matter entrusted to the trial court's discretion.") (citation omitted).

### B. Motion under Tenn. R. Civ. P. 60.02

It appears that the Assessor and County made their motion under Tenn. R. Civ. P. 60.02 in the event that their motion to intervene was granted. As their motion to intervene was properly denied, their motion under Tenn. R. Civ. P. 60.02 is irrelevant.

### C. Attorney's Fees

The Assessor and County also challenge the probate court's order awarding the Estate attorney's fees related to opposing these two motions. This was clearly erroneous.

Tennessee follows the so-called "American Rule" under which attorney's fees generally may not be awarded to a prevailing party "absent statutory authorization or an agreement between the parties so providing." *John Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998); *see Elliott v. Elliott*, 149 S.W.3d 77, 88 (Tenn. Ct. App. 2004). While recourse to broad principles of equity may sometimes warrant an award of attorney's fees, it must be supported by a "recognized" ground of equity. *See Austin Powder Co. v. Thompson*, No. 03A01-9607-CV-00229, 1996 WL 718291, at *2 (Tenn. Ct. App. Dec. 16, 1996) (citing *State v. Thomas*, 585 S.W.2d 606 (Tenn. 1979)). Cases of will construction are a well-established exception to the "American Rule," *In re Estate of Greenamyre*, 219 S.W.3d 877, 884-85 (Tenn. Ct. App. 2005), but this is not a case of will construction.

In defending the probate court's action, the Estate argues, among other things, that the award is justified by general grounds of equity and that an analogy to the "tort of another doctrine" is

appropriate.[1] *See Evans v. Young*, No. 01A01-9711-CV-00638, 1999 WL 11510, at \*3-4 (Tenn. Ct. App. Jan. 14, 1999). We must reject these arguments. The actions of the Assessor and County were not tortious, and we know of no recognized equitable exception that would be applicable here. The decision of the trial court awarding the Estate attorney's fees is accordingly vacated.

### D. Frivolity of Appeal

The Estate has moved pursuant to Tenn. Code Ann. § 27-1-122 to have this appeal deemed frivolous. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (citations omitted).

We have considered the Estate's motion, and we conclude that it is not well-taken. First, the probate court's award of attorney's fees was erroneous, and, thus, it cannot be said that the entirety of this appeal is without merit. *Cf., e.g., Justice v. Coker*, Nos. 03A01-9606-CV-00191, 03A01-9606-CV-00192, 1996 WL 622695, at \*2 (Tenn. Ct. App. Oct. 29, 1996). Additionally, the power to sanction frivolous appeals must be employed "sparingly so as not to discourage legitimate appeals." *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006) (citing *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977)). As such, the Estate's motion is respectfully overruled.

### IV

For the foregoing reasons, the decision of the probate court denying the motion to intervene made by the Assessor and County is affirmed as is its decision denying the motion made under Tenn. R. Civ. P. 60.02. That part of the probate court's order taxing them with attorney's fees is vacated. The motion seeking to have this appeal deemed frivolous is denied, and this case is remanded for further proceedings consistent with this opinion. Costs are taxed to the Assessor and County, as well as their surety, for which execution may issue if necessary.

_____
WALTER C. KURTZ, SENIOR JUDGE

---

[1] "[T]he 'tort of another doctrine' . . . [applies when a party] . . . has been forced into litigation with a third party as the result of the defendant's wrongful or tortious conduct." *Evans*, 1999 WL 11510, at \*4.