# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
March 20, 2012 Session

## JOSEPH LEE, III v. CITY OF MEMPHIS, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-08-2334-2      Arnold B. Goldin, Chancellor

### No. W2011-01643-COA-R3-CV - Filed April 11, 2012

The trial court denied Appellant's motion to intervene as untimely.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Ronald D. Krelstein, Memphis, Tennessee, for the appellant, Al H. Thomas.

Allan J. Wade and Brandy S. Parrish, Memphis, Tennessee, for the appellee, City of Memphis.

Halbert Edwin Dockins, Jr., Memphis, Tennessee, for the appellee, Joseph Lee, III.

### MEMORANDUM OPINION[1]

This appeal arises from a 2008 lawsuit filed by Joseph Lee, III (Mr. Lee), the former president of Memphis Light, Gas and Water ("MLGW"), against the City of Memphis ("the City") and members of the City Council in their individual capacities (collectively,

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

"Defendants"). The facts relevant to our disposition of this appeal are not disputed. On December 16, 2008, Mr. Lee filed a complaint for declaratory judgment in the Chancery Court for Shelby County. In his complaint, Mr. Lee stated that he was among those who had been investigated by the Federal Bureau of Investigation ("the FBI") regarding the manner in which utility accounts of City Councilman Edmund Ford had been handled; that he had been indicted in June 2007; and that the indictment subsequently was dismissed in June 2008. Mr. Lee further asserted that, upon entry of the order dismissing the indictment, he submitted a request for reimbursement of his attorney's fees and expenses incurred in defending against the charges to MLGW president Jerry Collins (Mr. Collins). He asserted that, upon Mr. Collins' recommendation, on or about August 21, 2008, the Board of MLGW voted to reimburse Mr. Lee for these costs and expenses. Mr. Lee asserted that Defendants "demanded" that they be allowed to vote on the reimbursement request; that MLGW prepared and presented a "Resolution" to Defendants; and that on or about December 2, 2008, Defendants voted to deny the request. Mr. Lee alleged that Defendants were without the authority "to withhold this universally available benefit" from him. He further alleged that "Defendants' denial of this employee benefit to [him] because of his race or upon some other discriminatory basis, while at the same time making it available to every other similarly situated employee, is patently unlawful." Mr. Lee asserted Defendants' action was not lawful under Section 2-20-5 of the Memphis City Code of Ordinances. He asserted claims for common law and statutory inducement of breach of contract, violation of 42 U.S.C.A. § 1981; and violation of U.S.C.A. § 1983. He prayed the trial court to find that he was entitled to be reimbursed for attorney's fees in the amount of $426,422.33, and for an award of compensatory damages in the amount of $500,000.00. He also sought trebled damages for violations of Tennessee Code Annotated § 47-50-109 in the amount of $1,279,266.99, and punitive damages in the amount of $5 million. Mr. Lee attached to his complaint correspondence from MLGW's vice president and general counsel dated March 2007, stating that MLGW agreed to pay legal fees, and that "no single bill may exceed $24,999.00." The letter informed Mr. Lee that MLGW would seek recovery of fees paid on his behalf if he were found guilty or entered a guilty plea. Mr. Lee asserted in his complaint that the March 2007 letter constituted a contract between himself and MLGW.

In January 2009, the individual Defendants filed motions to dismiss. Mr. Lee filed notices of voluntary nonsuit without prejudice of the individual Defendants. The individual Defendants filed motions to dismiss and amended motions to dismiss in January 2009, and the City filed motions for an extension of time to file an answer in January and February, 2009. The trial court entered consent orders on the City's motions, and on February 26, 2009, the trial court entered a scheduling order setting the matter to be heard on February 23, 2010. The City filed an answer on May 8, 2009. In its answer, the City asserted Mr. Lee had failed to state a claim upon which relief could be granted. The City asserted that, while Mr. Lee might be entitled to indemnification for reasonable attorney's fees incurred

defending claims brought against him for acts within the scope of his employment with MLGW, the amount requested by Mr. Lee exceeded the reasonable attorney's fees to which he might be entitled. The City also asserted that any amount due would be due from MLGW. The City stated that it contemporaneously had filed a separate complaint asserting that any obligation to reimburse Mr. Lee for reasonable attorney's fees should be borne by MLGW.

On June 19, 2009, the City made an offer of judgment in the amount of $426,422. Mr. Lee filed a notice of acceptance on June 24, 2009. On June 30, 2009, the trial court entered final judgment in favor of Mr. Lee in the amount of $426,422.33.

On July 15, 2009, Appellant Al H. Thomas (Mr. Thomas) filed a motion to intervene in the matter and to vacate the judgment pursuant to Rule 60.02(3), asserting that the judgment was void because MLGW was a necessary party and was not joined in the action. Mr. Thomas attached to his motion a copy of a complaint he had filed against the City, MLGW, Mr. Lee, *et al.*, praying the trial court to enjoin payment of the judgment and seeking a declaration that the City's reimbursement of Mr. Lee's legal fees was illegal and contrary to public policy.

Mr. Thomas took no further action in the matter of *Lee v. City of Memphis*, and on June 23, 2011, the trial court entered an order denying Mr. Thomas's motion to intervene. Mr. Thomas filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Thomas presents the following issues for our review:

(1)     Did the appellant have the right to intervene in this action?

(2)     If the appellant did not have the right to intervene, did the trial court err in not vacating he judgment, *sua sponte*, because a necessary party, MLGW, had not been joined in the action?

### *Standard of Review*

We review a trial court's denial of a motion to intervene as of right *de novo*, except for the timeliness of the application. We review a trial court's denial of a motion to intervene based on timeliness under an abuse of discretion standard. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000)(citation omitted).

### *Discussion*

A party who seeks to intervene as of right under Rule 24.01 must demonstrate "(1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interests." *Id.* at 190-191 (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). The intervenor has the burden of establishing all four of these elements or else the motion to intervene will be denied. *Id.* In this case, the trial court denied Mr. Thomas's motion on the grounds that it was not timely filed and also determined that Mr. Thomas did not have standing in the matter absent a special interest or injury not common to the public. The trial court determined that Mr. Thomas had failed to allege a special interest or injury.

We turn first to the trial court's denial of Mr. Thomas motion to intervene on the basis of timeliness. Whether a motion to intervene has been timely filed is determined by the facts and circumstances of the case, and equitable principals govern the trial court's determination. *Am. Materials Tech. v. City of Chattanooga*, 42 S.W.3d 914, 916. Courts consider the following factors when making this determination:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervener's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* (citing *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 531 (6th Cir.1993); *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984)). Generally,

> [a] judgment or decree entered by consent of the original parties is a final judgment or decree and accordingly, in the absence of special circumstances, precludes intervention under the general rule against intervention after entry of a final judgment or decree.

*Id.* (quoting 59 Am.Jur.2d Parties, § 162, p. 648). A motion to intervene may be granted after the entry of a final judgment under special circumstances, depending on the entirety of the circumstances. *Id.* However, "an applicant for intervention must show proper diligence, and the right to intervene may be lost by unreasonable delay or laches after knowledge of the suit." *Id.* (citation omitted).

In his brief, Mr. Thomas asserts that he filed a taxpayer action against Mr. Lee, *et al.*, and that the trial court issued a restraining order in that case to prevent payment of any funds to Mr. Lee. He further asserts that the City had tendered the judgment to Mr. Lee in accordance with the consent order that had been entered in the present case before entry of the restraining order. The trial court dismissed Mr. Thomas's action against Mr. Lee for lack of standing, and Mr. Thomas's appeal in that case is pending.

At oral argument of this matter, Mr. Thomas asserted that he filed the motion to intervene in this case "prophylactically" while concurrently pursuing his claims against Mr. Lee. Mr. Thomas does not dispute that he filed his motion to intervene after entry of the final judgment in the matter, nor does he dispute that he failed to take any further action for over two years. The City argues that the trial court did not abuse its discretion in denying Mr. Thomas's motion in light of these undisputed circumstances.

As noted above, we review a trial court's denial of a motion to intervene on the basis of timeliness under an abuse of discretion standard. An abuse of discretion occurs when the trial court applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on an assessment of the evidence that is clearly erroneous, or uses reasoning that results in an injustice. *State v. Hester*, 24 S.W.3d 1, 35 (Tenn. 2010). In light of the fact that Mr. Thomas filed his motion after the trial court had entered its judgment and the City had tendered the settlement amount to Mr. Lee, coupled with the undisputed fact that Mr. Thomas took no further action in the matter for two years after filing his motion, we find no abuse of discretion on the part of the trial court. In light of our disposition of this issue, we find it unnecessary to address the trial court's determination that Mr. Thomas lacked standing to intervene in the matter.

We next turn to Mr. Thomas's assertion that the trial court should have dismissed Mr. Lee's action against the City *sua sponte* for failure to join an indispensable party, and that its order accordingly is void. Mr. Thomas's argument, as we perceive it, is that Mr. Lee's action was predicated on his assertion that MLGW's March 2007 correspondence to him constituted a contract; that the correspondence did not constitute a contract; that the payment of Mr. Lee's legal expenses by the City or MLGW was illegal and violated public policy; and that MLGW was indispensable to the determination of whether a contract in fact existed. The City, on the other hand, asserts that the action against it was not for breach of contract, but for the inducement of breach of contract, and that MLGW was not a necessary party where Mr. Lee asserted no claims against MLGW. The City further asserts that Mr. Thomas lacks standing in this matter.

Rule 19.01 of the Tennessee Rules of Civil Procedure provides:

A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

As noted above, Mr. Thomas failed to pursue his motion to intervene in this matter for over two years, and the trial court exercised its discretion to dismiss his motion on the basis of timeliness. Accordingly, Mr. Thomas was not made a party to the action. The question of whether MLGW was an indispensable party was not litigated in the trial court, and MLGW did not assert a right to intervene in the matter. Mr. Thomas cites us to no authority that would stand for the proposition that he has standing to raise on appeal the issue of whether the trial court should have dismissed the matter *sua sponte*. Additionally, we note that Mr. Lee asserted three claims in his complaint against the City, an inducement of breach of contract claim, and claims under 42 U.S.C.A. § 1981 and 42 U.S.C.A. § 1983. The City ultimately chose not to defend against any of these claims, but to settle the matter and enter into a consent order entering judgment in favor of Mr. Lee. The trial court did not lack subject matter jurisdiction to enter the consent order settling the matter between Mr. Lee and the City with respect to all three claims, and its order is not void.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Al H. Thomas, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE