# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 7, 2013 Session

## EARLENE GREGORY v. MICHAEL MELHORN ET AL.

**Appeal from the Chancery Court for Roane County**
**No. 16777      Frank V. Williams, III, Chancellor**

_____

**No. E2012-02417-COA-R3-CV - Filed December 27, 2013**

_____

Earlene Gregory brought this action against Michael Melhorn and his wife, Cynthia Melhorn, sellers of a house and real estate, alleging that the defendants falsely stated in their Tennessee Residential Property Disclosure statement that they were unaware of any defects in the exterior walls or basement or any flooding or drainage problems. The contract for sale of the property, executed and signed by plaintiff and defendants, provided that the warranty deed was to be made in the name of Earlene Singleton Gregory.[1] During discovery, the parties discovered that the deed actually listed the plaintiff's three sons as grantees. After defendants moved for summary judgment on the ground that plaintiff lacked standing because she did not own the property, plaintiff moved to amend the complaint to include a claim for reformation of the deed to reflect her intention at the time of sale, *i.e.*, to retain a life estate in the property with a remainder interest in her sons. Plaintiff also filed a motion to allow her sons to intervene as plaintiffs on the ground that they held legal title to the property. The trial court denied plaintiff's motions and granted defendants summary judgment, holding that plaintiff lacked standing because she did not own the property. The court further held that the proposed intervening plaintiffs, even if allowed to intervene, would lack standing because they were not parties to the contract. We vacate the trial court's summary judgment. We hold that the trial court abused its discretion in refusing to allow plaintiff to amend her complaint under Tenn. R. Civ. P. 15.01, and by refusing to allow the plaintiff's sons to intervene, as was their right under Tenn. R. Civ. P. 24.01.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

_____

[1]"Earlene Gregory" and "Earlene Singleton Gregory" are one and the same person.

Mark N. Foster, Rockwood, Tennessee, for the appellants, Earlene Singleton Gregory, David L. Singleton, William E. Singleton, and John A. Singleton.

Sharon L. Reynolds, Kingston, Tennessee, for the appellees, Michael Melhorn and Cynthia Melhorn.

**OPINION**

I.

On August 6, 2009, the parties to this litigation executed a contract for the sale of the defendants' real estate located at 139 Cunningham Boulevard in Harriman. The contract provided that the warranty deed conveying the property was "to be made in the name of Earlene Singleton Gregory." The sale closed on August 20, 2009. On August 20, 2010, Plaintiff filed her complaint alleging fraud and negligent misrepresentation, among other things. The complaint alleged that defendants knowingly made false statements on their Tennessee Residential Property Disclosure form when they stated that they were unaware of any (1) defects or malfunctions in the house's exterior walls and basement; (2) flooding, drainage or grading problems; and (3) past or present water intrusions or standing water within the foundation or basement. The complaint further alleged as follows:

> While Defendants owned the property, Defendants became aware of water leakage in the finished basement of the house. Defendants attempted to repair this water leakage by replacing certain wall studs with treated lumber and painting the inside of a concrete block exterior wall with a sealant. Defendants then covered these repairs with drywall, finished the drywall, and repainted the area an almost identical color, all for the purpose of making it appear that no repair had ever been performed.

> \*      \*      \*

> After purchasing the home from Defendants, Plaintiff suffered water damage in her basement. Plaintiff has been damaged because she has purchased a home that was prone to water damage and subsequently incurred such water damage, because Plaintiff's home is not in the condition represented by Defendants[.]

-2-

(Numbering in original omitted.)  For relief, plaintiff requested rescission of the sale of the property or, in the alternative, compensatory and punitive damages.

During plaintiff's deposition, the following colloquy took place between plaintiff and defendant's counsel regarding the ownership of the property:

Q: Does your son own the property, or is it just you?

A: Just –

Q: Just you.  Okay.

A: I have their names on it, but –

Q: Your sons are owners of the property?

A: I – yes, but mainly I'm on – I mean, I'm the –

Q: When did you convey an interest to your sons?

A: When I bought the house.

Q: Okay.  So did you have their names put on the deed?

A: I'm sure I did.

Q: Okay.  I'll double-check that.  But they're not a party to this lawsuit, right?

A: No.

Q: Okay.  And what are your sons' names?

A: William E. Singleton.

Q: And did you say you had two sons?

A: Three sons.

Q: Three sons?

A: John A. Singleton, David L. Singleton.

Q: And all three boys are on the deed, you think?

A: I think.

It appears that, at the time of plaintiff's deposition, neither plaintiff nor defendants were aware of, or had an accurate recollection of, whose names were actually on the deed as grantees. The record does not demonstrate why this was the case in view of the fact that the deed had been recorded. In any event, when the parties discovered that the warranty deed listed the plaintiff's three sons as the sole grantees, defendants filed a motion for summary judgment, arguing that plaintiff did not have standing because she did not own the property.

Plaintiff's response was twofold: first, she filed a motion asking the trial court to allow her to amend her complaint "to assert that at the closing of the transaction that is the subject of this matter, the property was by mistake conveyed to Plaintiff's sons, rather than the intended conveyance of the property to Plaintiff for Plaintiff's life, with an equal share of the remainder interest conveyed to each son, and to seek reformation of said deed." Second, she filed, along with her sons, a motion to allow her three sons to intervene as plaintiffs. In support of these motions and in opposition to summary judgment, plaintiff filed her affidavit, which stated as follows:

> I entered into a contract with the Defendants in this action to purchase property at 139 Cunningham Boulevard in Harriman, Tennessee ("Property"). I paid for this purchase using my own funds. . . .
>
> It was my instructions and intention that at the closing of the sale of the Property the Property be conveyed to me, with a remainder interest only going to my sons.
>
> Any deed prepared conveying the property to my sons alone without a conveyance of an interest to me was incorrect, and should be corrected.
>
> My sons have each given me documents regarding the correction of the deed, true and accurate copies of which are attached[.]

(Numbering in original omitted.)  Plaintiff attached a statement from each of the Singleton sons.  The statements were identical:  "I . . . agree that the [property] was purchased by and is solely owned by my mother, Earlene Singleton Gregory" and "I am in full agreement that the deed . . . be corrected to reflect [plaintiff] as the true and rightful owner of the property."

After a hearing on the defendants' motion, the trial court granted them summary judgment.  The court premised its decision on dual grounds:  (1) plaintiff lacked standing because she was not the record owner of the property, and (2) the proposed intervenors, her sons, even if allowed to intervene, would lack standing because they were not parties to the contract.  The trial court denied plaintiff's motion to amend her complaint without specifying the reasoning for its ruling.  Plaintiff timely filed a notice of appeal.

## II.

Plaintiff has raised three issues:  whether the trial court erred in denying her motion to amend her complaint; whether the court erred in denying the motion to allow her sons to intervene; and whether the court erred in granting defendants summary judgment.

## III.

We first address the trial court's denial of plaintiff's motion to amend her complaint to seek reformation of the deed.  Amendments to pleadings are governed by Tenn. R. Civ. P. 15.01, which provides in pertinent part as follows:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served.  Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and *leave shall be freely given when justice so requires*.

(Emphasis added.)  "The grant or denial of a motion to amend a pleading is discretionary with the trial court."  ***Cumulus Broad., Inc. v. Shim***, 226 S.W.3d 366, 374 (Tenn. 2007).  In ***Shim***, the Supreme Court reaffirmed that a trial court's discretion in ruling on a motion to amend is tempered by the plain language of Tenn. R. Civ. P. 15.01, stating:

-5-

In ***Branch v. Warren***, 527 S.W.2d 89 (Tenn. 1975), we discussed the effect of Rule 15.01 of the Tennessee Rules of Civil Procedure:

> The new Rules of Civil Procedure, in this regard "come not to destroy the old law, but to fulfill." They were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules of common law pleading. Accordingly, *Rule 15.01 provides that leave (to amend) shall be freely given when justice so requires. This proviso in the rules substantially lessens the exercise of pre-trial discretion on the part of a trial judge.* Indeed, the statute (§ 20-1505, T.C.A.) which conferred a measure of discretion on trial judges was repealed and Rule 15 stands in its place and stead. That rule needs no construction; it means precisely what is says, that "leave shall be freely given."

> ***Id.*** at 91-92 (emphasis added). Later, in ***Gardiner v. Word***, 731 S.W.2d 889, 891 (Tenn. 1987), this Court confirmed that ***Branch*** required trial courts to be liberal in allowing pretrial motions to amend.

***Shim***, 226 S.W.3d at 374-75 (emphasis in original).

This Court has set forth the following factors a trial court should consider in ruling on a motion to amend a pleading:

> Despite the liberality implicit in Tenn. R. Civ. P. 15.01, the courts have identified a number of circumstances that, singly or in combination, could warrant denying a motion to amend a pleading. These circumstances include: (1) undue delay in seeking the amendment, (2) lack of notice to the opposing party, (3) bad faith or dilatory motive of the moving party, (4) repeated failure by the moving party to cure deficiencies in earlier amendments, (5) futility of the proposed amendment, and (6) undue prejudice to the opposing party.

*Hardcastle v. Harris*, 170 S.W.3d 67, 81 (Tenn. Ct. App. 2004); *accord Shim*, 226 S.W.3d at 374.

When a trial court denies a motion to amend, the court "must give a reasoned explanation for its action." *Shim*, 226 S.W.3d at 374; *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 238 (Tenn. Workers' Comp. Panel 1993). The trial court's order states, in pertinent part, as follows:

> the Court FINDS that there are no genuine issues regarding the following material facts:
>
> The Plaintiff . . . is not the titled owner of the real property . . . which is the subject of this lawsuit;
>
> The Plaintiff . . . knew that she was not the owner of the real property at issue in this lawsuit when she filed her claim in this Court;
>
> The Plaintiff . . . testified in her deposition in May, 2011 that she knew that her sons['] names . . . were listed as owners of the real property on the Warranty Deed . . .
>
> The Plaintiff . . . did not include [the Singleton sons] as Plaintiffs in this cause of action;
>
> The Plaintiff . . . did not seek to amend this lawsuit after Plaintiff's counsel became aware of the fact that the ownership of the real property in this lawsuit was called into question by the Defendants in May, 2011 at the deposition of the Plaintiff;
>
> The Plaintiff . . . did not file a Motion to Amend until August 31, 2012[,] over one year after the Plaintiff's deposition and some two months after the Defendant's Motion for Summary Judgment was filed and scheduled for hearing[.]

The trial court's ground for denying plaintiff's motion to amend appears to be undue delay, although the order does not expressly use that language. The record, however, shows that plaintiff was not guilty of undue delay in this case. She moved to amend her complaint roughly two months after defendants' motion for summary judgment. The Court in *Henderson*, vacating the trial court's denial of a motion to amend, stated the following:

-7-

We note that the trial judge stated in his order that "the motion to amend comes too late," but we do not consider that as being a consideration of the motion or a reasoned explanation for his action. There is no time limit that would apply to the motion to amend in the present case.

868 S.W.2d at 238.

Furthermore, there is no basis in the record for the trial court's dual conclusions (1) that it is undisputed plaintiff "knew that she was not the owner of the real property at issue in this lawsuit when she filed her claim" and (2) that "the ownership of the real property in this lawsuit was called into question by the Defendants" at plaintiff's deposition. Although defendants suggest that these conclusions are "credibility findings," no one testified live before the trial court; the court had only plaintiff's deposition and her affidavit. Plaintiff's deposition testimony on this point, to the extent that she was allowed to finish a thought, is entirely inconclusive:

Q: Does your son own the property, or is it just you?

A: Just –

Q: Just you. Okay.

A: I have their names on it, but –

Q: Your sons are owners of the property?

A: I – yes, but mainly I'm on – I mean, I'm the –

Q: When did you convey an interest to your sons?

A: When I bought the house.

This testimony arguably establishes only that plaintiff thought, but was not necessarily sure, that she and her sons were listed on the deed. Her belief that she owned the property was supported by the language of the purchase and sale agreement, which states, "[d]eed to be made in the name of Earlene Singleton Gregory." Furthermore, in response to defendants' Tenn. R. Civ. P. 56.03 statement of undisputed facts alleging that "[p]laintiff . . .was aware at the onset of this litigation that she was not the sole owner and/or was not the owner of the property," plaintiff stated "[t]his statement of fact is disputed," citing her deposition

-8-

testimony and her affidavit, which clarified her "intention that at the closing of the sale of the Property the Property be conveyed to me, with a remainder interest only going to my sons."

We have observed that, of the factors that "could warrant denying a motion to amend a pleading . . . the most important is the proposed amendment's potential prejudicial effect on the opposing party." *Hardcastle*, 170 S.W.3d at 81. In this case, there is no prejudice to defendants that would result from the amendment – they will only have to defend the same lawsuit that was initially brought by plaintiff. In *Wynn v. La Maruja Realty Corp.*, No. M2008-01511-COA-R9-CV, 2009 WL 2957922 at *3 (Tenn. Ct. App. M.S., filed Sept. 15, 2009), we stated,

> This court has described the kinds of circumstances when a trial court would be justified in denying a motion to amend a pleading because of prejudice to the opposing party. These include situations when the amendment will cause additional expense and the burden of a more complicated or lengthy trial, when it will require the opposing party to engage in additional pre-trial preparation, when it will unduly increase the discovery required, or when it will unduly delay the trial. *Hardcastle v. Harris*, 170 S.W.3d at 81. None of these apply to the case before us. *Simply being forced to defend a pending claim is not normally considered the sort of prejudice that would justify declining a plaintiff's motion to amend a complaint.*

(Emphasis added.) In this case, none of the other factors listed by *Hardcastle* and *Shim* that would legally justify the court's decision to deny plaintiff's motion to amend her complaint are present.

The *Wynn* Court also pointed out an important principle that has a significant bearing on our decision: "Tennessee law and policy have always favored permitting litigants to amend their pleadings to enable disputes to be resolved on their merits rather than on legal technicalities." 2009 WL 2957922 at *4 (quoting *Hardcastle*, 170 S.W.2d at 80); *see also Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 432 (Tenn. 2011) (noting "the strong preference embodied in the Tennessee Rules of Civil Procedure that cases stating a valid legal claim brought by Tennessee citizens be decided on their merits"); *Jones v. Prof'l Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 572 (Tenn. 2006) ("The Tennessee Rules of Civil Procedure are intended 'to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.'") (quoting *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn. 1975)). We hold that the trial court

abused its discretion in denying plaintiff's motion to amend, and that the motion should be granted upon remand.

IV.

We likewise conclude that the trial court erred in denying the motion to allow the Singleton sons to intervene. Motions to intervene are governed by Tenn. R. Civ. P. 24, which provides:

> **Rule 24.01. Intervention as of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.
>
> **Rule 24.02. Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(Bold headings in original.)

In the leading case interpreting Rule 24, the Supreme Court held that "[t]he standard of review on appeal for the denial of intervention as of right is de novo, except for the timeliness of the application which is reviewed under an abuse of discretion standard. The standard of review for the denial of permissive intervention is abuse of discretion." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000) (internal citation omitted). Plaintiff's motion to intervene did not specify whether the Singleton sons were seeking to intervene as of right or by permission. The trial court's order did not include a Rule 24 analysis, concluding only that "even if [the Singleton sons] were to be allowed to intervene and/or the lawsuit to be amended to name these owners as Plaintiffs, neither John Singleton, David Singleton nor William Singleton, would have standing to bring any of the

-10-

causes of action . . . as no one or more of them are in privity of contract with either of the Defendants[.]"

We conclude that the Singleton sons were entitled to intervene as a matter of right. As the **Brown & Williamson** Court observed,

> A party seeking to intervene as of right under Rule 24.01 must establish that (1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interests. **Grubbs v. Norris**, 870 F.2d 343, 345 (6th Cir.1989). The intervenor has the burden of establishing all four of these elements or else the motion to intervene will be denied. **Id.** In the case of permissive intervention, the party seeking to intervene must show that there is a common question of law or fact between the intervenor's claim and the main action. Tenn. R. Civ. P. 24.02. Permissive intervention is generally not proper when the intervenor seeks to raise new claims or issues against the existing parties. *See Arizona v. California*, 460 U.S. 605, 614, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983).

**Id.**, 18 S.W.3d at 190-91. Because the Singleton sons are the owners of the property as the listed grantees on the deed, they obviously "claim[] an interest relating to the property or transaction which is the subject of the action." Tenn. R. Civ. P. 24.01. Regarding the timeliness of the motion, "[t]he timeliness of an intervention is governed by equitable principles, and is determined by the facts and circumstances of each particular case." **Holland v. Holland**, No. E2011-00782-COA-R3-CV, 2012 WL 1691498 at *4 (Tenn. Ct. App. E.S., filed May 15, 2012) (quoting **Am. Materials Techs., LLC v. City of Chattanooga**, 42 S.W.3d 914, 916 (Tenn. Ct. App. 2000)). We do not find that the Singleton sons were guilty of such unwarranted delay or untimeliness as to warrant denial of their motion to intervene in this case.

Simply stated, allowing the Singleton sons to intervene and allowing plaintiff to amend her complaint will put all of the proper parties before the trial court and allow for the resolution of the issues fairly raised in the complaint, in keeping with Tennessee law and policy favoring a disposition on the merits instead of dismissal based on formal or procedural technicalities. As already noted, defendants are caused no additional prejudice by this ruling beyond addressing the issues and defending the lawsuit filed against them in the first place.

V.

The trial court's judgment is vacated and the case is remanded for further proceedings, consistent with this opinion. Costs on appeal are assessed to the appellees, Michael Melhorn and Cynthia Melhorn.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE