H. P. DAVID and MINNIE B. DAVID, Appellants,

*v.*

COAL CREEK MINING AND MANUFACTURING COMPANY,
Appellee.

461 S.W.2d 29.

(*Knoxville,* September Term, 1970.)

Opinion filed December 7, 1970.

W. BUFORD LEWALLEN, Clinton, for appellants; J. H.
RENEAU, III, RENEAU & RENEAU, Celina, of counsel.

J. M. UNDERWOOD and WALTER E. FISCHER, Clinton, and
LEWIS S. HOWARD, DONALDSON, MONTGOMERY & KENNERLY,
Knoxville, for appellee.

Mr. Justice Creson delivered the opinion of the Court.

This cause comes to this Court on discretionary appeal from the Chancery Court of Anderson County.

In the course of this opinion the parties will be referred to as they appeared in the court below; that is, appellants, H. P. David and Minnie B. David, as defendants, and appellee, Coal Creek Mining and Manufacturing Company, as complainant.

Complainant is a domestic corporation, having its principal office in Knoxville, Tennessee. The record shows that complainant is owner of approximately 53,000 acres of land in Anderson, Campbell, Morgan and Roane Counties, Tennessee.

On May 4, 1951, complainant executed to defendant H. P. David an oil and gas lease of the aforementioned 53,000 acres of land, which lease was recorded on July

25, 1951, in the office of the Register of Deeds, Anderson County, Tennessee. Said lease was to continue for ten (10) years from date of execution,

"* * * and as long thereafter as oil or gas or casing head gas, or either or any of them is produced therefrom, or as much longer thereafter as the lessee in good faith shall conduct drilling operations thereon and should production result from such operations this lease shall remain in full force and effect as long as oil, gas or casing head gas shall be produced therefrom."

The bill averred that on July 7, 1951, defendant lessee assigned all of his rights and interest in said leased premises to one C. E. Simmons, only to receive part of it back on July 25, 1951, as a sub-assignee of an assignee of C. E. Simmons. Thereafter, seven hundred and sixty eight (768) assignments of interest in the aforementioned leased premises were filed in the Register of Deeds Office in Anderson County, Tennessee. Further, no less than five hundred and fifty two (552) individuals or legal entities, as the record shows, may have an interest or interests in said property, as assignees or sub-assignees of the original lease. The bill averred further that the oil and gas lease has expired both by law and by its own provisions because there is no production of oil or gas from the premises, nor has there been in more than one year prior to filing the original bill; further, there have been no drilling operations on said premises for six (6) years prior to filing the original bill.

Complainant prayed that a judgment be rendered by the Court, declaring the aforementioned lease of May 4, 1951, expired; declaring that all rights and interests con-

veyed to defendant H. P. David, and assigned to defendants Minnie B. David and Zeb David, have expired, terminated and reverted to complainant; declaring that the aforementioned lease and all assignments and subassignments of rights and interests therein have expired and terminated and constitute a cloud or clouds upon complainant's title. Complainant further prayed that said cloud or clouds be removed by proper decree, that an injunction issue enjoining each and all defendants from executing any assignments and/or subassignments of claimed rights or interests in the aforementioned lease or in the real estate described in said lease; finally, that defendants "and all of the assignees and sub-assignees be adjudged to have no right, title or interest in and to said premises described in said lease", and such other general relief that complainant may be entitled to.

Defendants H. P. David and wife Minnie B. David demurred to complainant's bill on the ground that the bill shows on its face that a number of persons and firms own various interests in the Oil and Gas lease entered into by complainant and defendant H. P. David; that such persons should be made parties to the bill; and that since they are not parties, no complete and final decree ending all uncertainties or controversies can be entered in the cause.

Zeb David, the third defendant in the original bill, filed an answer and disclaimer, disclaiming

"* * * any and all right, title, interest, or claim in and to the Oil and Gas lease described in the bill."

The trial judge, after hearing arguments, overruled the demurrer, on the ground that to require complainant to serve legal process on five hundred and fifty two (552)

individuals or legal entities who now or have at one time claimed some interests in the leased premises over a period of 15 years or better, "would be an unreasonable, extremely onerous and unduly expensive undertaking, and subject the litigants and the Court to interminable delays in bringing this action to trial and to an expeditious conclusion and would not change the basic question"; that is, as between complainant and defendant H. P. David, whether or not the original lease has expired either by law or by its terms and provisions. The trial judge concluded:

"The Court is of the opinion that full, fair and adequate justice can be done without the addition of other parties defendant to this action. * * *"

Defendants' only assignment of error in this Court is that the judge erred in overruling the demurrer to complainant's bill. It follows, therefore, that the only question in this Court is whether or not the other persons and/or legal entities, some five hundred and fifty (550) in number, who, as assignees and sub-assignees claim interests in the leased premises in question, are necessary or indispensable parties to this litigation.

Defendants rely upon T.C.A. sec. 23-1107, "Parties to Proceedings", and Gibson's Suits in Chancery, 5th Ed., p. 534, Section 1176, captioned "Who are Necessary Parties", which says, in part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."

Defendants cite several Tennessee cases. Each supports the general proposition that in order to properly rule on a declaratory judgment action, all necessary persons must be before the Court; and, if not, then no declaratory judgment or decree may be had.

Defendants argue that all the assignees and sub-assignees to the original lease are necessary parties to the complainant's action because the effect of the relief sought by complainant would terminate the property rights of these five hundred and fifty two (552) interested parties; that even if a decree was entered against defendants H. P. David and Minnie B. David, the interests of the other five hundred and fifty (550) would not be affected under the authority of T.C.A. sec. 23-1107, cited supra; further, that T.C.A. sec. 23-1107 is mandatory. Defendants argue finally that the only theory upon which complainant's bill could be sustained is that of virtual representation; but that this doctrine must fail because complainant does not aver that he is suing defendants in any capacity other than individuals.

Complainant argues that its action is not a class action; that the primary issue which it has asked the court for a determination is whether the lease entered into between it and the original lessee, defendant H. P. David, has expired by its terms, or as a matter of law, for failure of lessee to comply with T.C.A. sec. 64-704; and further, that all the assignees and sub-assignees referred to in defendants' argument acquired their interests through the original lessee.

Complainant argues further that it does not contend that a final determination of this suit would constitute

res adjudicata between it and said assignees and sub-assignees; that complainant would still have clouds on the title, unless a proper construction of T.C.A. sec. 64-704 would terminate the interests of said assignees and sub-assignees; but that as between complainant and defendant H. P. David, the Court may render a complete and final decree determining the contract rights between said parties, without requiring complainant to issue process on all the aforementioned assignees and sub-assignees. Complainant cites Gibson's Suit in Chancery, 5th Ed., p. 139 et seq., Section 100, "Exceptions to the General Rules as to Parties", as authority in support of its contentions.

After a thorough analysis of this case, as it stands before us, we are of opinion that the case of *Shelby County Board of Commissioners et al. v. Shelby County Quarterly Court et al.* (1965), 216 Tenn. 470, 392 S.W.2d 935, is applicable. In that case, defendants contended by demurrer that certain county employees would be affected by the suit; and therefore were necessary parties to the bill. In answer thereto, Justice Chattin, writing for this Court, held:

"It is true the nonjoinder of necessary parties is fatal on the question of a justiciable issue, which, in an action for a declaratory judgment, is a necessary condition of judicial relief. This does not mean, however, all persons who might be remotely affected need be joined."

\* \* \* \* \* \*

"However, in the instant case, the existing controversy is between two governmental bodies."

\* \* \* \* \* \*

"These two bodies are the necessary parties to a suit for a declaratory judgment, and a failure to join various employees of the county who would only be incidentally affected is not fatal."

We can reach no conclusion other than that the interests of all assignees, other than C. E. Simmons, are within the rationale of that opinion; that is, they will be only incidentally affected. It seems to be entirely clear that the rights of all subsequent persons are subordinate to and dependent upon the continuation of the original lease from the complainant in this cause. 58 C.J.S. Mines and Minerals sec. 220(5), n. 35 and n. 37, p. 575. See also, *Petroleum Company v. Coal, Coke and Manufacturing Company* (1890), 89 Tenn. 381, 18 S.W. 65.

We have not been able, however, to derive any reason from this record as it stands, why C. E. Simmons, assignee of defendant-lessee, H. P. David, is not a necessary party to the bill. As the bill avers and the record shows, defendant-lessee assigned the entire lease to C. E. Simmons, on July 7, 1951. See 49 Am.Jur.2d 415 (Landlord and Tenant, sec. 397); 58 C.J.S. Mines and Minerals, sec. 220(4) (c), n. 13; sec. 220(5), n. 37, p. 573.

We are of opinion that Mr. C. E. Simmons is a necessary party to complainant's bill, and to that extent we reverse the court below with leave to amend the bill to include C. E. Simmons as party defendant. With regard to all other parties referred to in defendants' demurrer, we affirm the trial court's judgment.

It follows, therefore, that this cause is remanded to Anderson Equity for further proceedings as indicated

herein. The costs of the cause in this Court are assessed against the appellants; the costs in the court below to abide ultimate disposition there.

DYER, CHIEF JUSTICE, and CHATTIN, HUMPHREYS and McCANLESS, JUSTICES, concur.