# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 2, 2019 Session

## DIALYSIS CLINIC, INC. ET AL. v. KEVIN MEDLEY ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 14C4843     Joseph P. Binkley, Jr., Judge**

---

### No. M2018-00399-COA-R3-CV

---

The owner of four contiguous properties filed unlawful detainer actions against the entities that were occupying the properties. The owner did not name as defendants the individual who signed the lease or his company. A year and a half after the cases were filed, the lessee moved to intervene, claiming that it was entitled to intervene pursuant to Tenn. Rs. Civ. P. 24.01 and/or 24.02 and that it was a necessary party pursuant to Tenn. R. Civ. P. 19.01. The trial court denied the lessee's motion on the grounds of prior suit pending and timeliness. The lessee appealed. Because the court failed to address the lessee's claim that it was a necessary party, we are unable to address that argument on appeal. We vacate the trial court's judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

L. Vincent Williams, Nashville, Tennessee, for the appellant, Outloud! Inc.

L. Vincent Williams, Nashville, Tennessee, for the appellees, Kevin E. Medley, Kevin Medley, LLC, 3 Entertainment Group, LLC, and Canvas Lounge, LLC.

Peter C. Sales and Frankie Neil Spero, Nashville, Tennessee, for the appellee, Dialysis Clinic, Inc.

# OPINION

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves four contiguous properties owned by Dialysis Clinic, Inc. ("DCI") located on Church Street in Nashville: 1703, 1705, 1707, and 1709 (together, "the Church Street Properties"). DCI purchased these properties from S. Ralph Gordon in July 2012. In 2004, Mr. Gordon leased the Church Street Properties to Ted Jensen and Outloud! Inc. ("Outloud!") pursuant to two separate lease agreements. Mr. Jensen was the registered agent, corporate secretary, and a member of the board of directors for Outloud!, a Tennessee corporation. Kevin Medley was the president, chief executive officer, and sole shareholder of Outloud! In 2005 and 2006 Mr. Jensen sublet the Church Street Properties to Kevin Medley, who then sub-sublet them to OutCentral, Canvas Lounge, LLC, and 3 Entertainment Group, LLC. When DCI purchased the Church Street Properties, the leases between Mr. Gordon and Mr. Jensen and Outloud! were assigned to DCI.

DCI filed four unlawful detainer warrants against Mr. Jensen and Outloud! in the general sessions court for Davidson County on June 21, 2013, one warrant for each of the Church Street Properties ("2013 Action"). DCI asserted claims for rent, damages, possession, and attorney's fees. The court awarded possession and damages to DCI on August 13, 2013. Mr. Jensen appealed the judgments to the circuit court for Davidson County, but Outloud! did not. DCI and Mr. Jensen subsequently reached an agreement whereby Mr. Jensen dismissed his appeals, and DCI entered into amended leases with Mr. Jensen, individually and d/b/a Outloud!, with regard to the Church Street Properties. As amended, the leases provided that the rental period of all the properties was to terminate on August 31, 2014.

When the termination date of the amended leases passed and the Church Street Properties were not vacated, DCI filed three unlawful detainer warrants on October 6, 2014, against Kevin Medley, Kevin Medley, LLC, Canvas Lounge, LLC, OutCentral, Inc., 3 Entertainment Group LLC, and all other occupants of the Church Street Properties, seeking possession, damages, and interest ("2014 Action"). The three cases were consolidated and removed to the circuit court for Davidson County. Once the cases were consolidated and removed to the circuit court, DCI filed a complaint in accordance with Tenn. R. Civ. P. 8. DCI's causes of action included unlawful detainer, declaratory relief pursuant to the Tennessee Declaratory Judgments Act, Tenn. Code Ann. §§ 29-14-101-113, quantum meruit, and unjust enrichment.

On April 1, 2016, more than two and a half years after judgments were entered against Mr. Jensen and Outloud! in the 2013 Action, Outloud! filed a petition for writ of certiorari, seeking review of the general sessions' judgments dating from August 2013. DCI moved to dismiss Outloud!'s petition, and the trial court granted the motion, ruling

that the petition was time-barred. Outloud! appealed the trial court's dismissal, and we affirmed the trial court's judgment. *See Outloud! Inc. v. Dialysis Clinic, Inc.*, No. M2016-01528-COA-R3-CV, 2017 WL 4004161 (Tenn. Ct. App. Sept. 11, 2017).

On April 6, 2016, just a few days after filing its petition for writ of certiorari in the 2013 Action, Outloud!, which was not a party to the 2014 Action, filed a complaint seeking a declaratory judgment and injunctive relief against DCI. DCI moved to strike or dismiss the complaint because Outloud! had failed to comply with Tenn. R. Civ. P. 24.03 by filing a motion to intervene, and this prompted Outloud! to file a motion to intervene on April 25, 2016. Outloud! filed an amended complaint on April 29, followed by a revised motion to intervene and a second amended complaint on July 12, 2016. In its initial and revised motion and memorandum of law, Outloud! argued, *inter alia*, that it was a necessary party to the action pursuant to Tenn. R. Civ. P. 19.01.

DCI opposed Outloud!'s motion to intervene on the grounds of prior suit pending and Outloud!'s failure to satisfy the requirements of Tenn. R. Civ. P. 24. Following a hearing on September 9, 2016, the trial court entered an order denying Outloud!'s motion to intervene. The court based its decision on both the prior suit pending doctrine and Tenn. R. Civ. P. 24. With regard to the prior suit pending doctrine, the court wrote, in pertinent part:

> 2. The prior-suit-pending doctrine requires a defending party to show (1) the two cases involve identical subject matter; (2) the two cases are between the same parties; (3) the former case remains pending in a court having subject matter jurisdiction over the dispute; and (4) the former case remains pending in a court having personal jurisdiction over the parties. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008).
>
> 3. With regard to the identical subject matter element, this Court finds that the action involving Outloud!'s Petition for Writ of Certiorari and subsequent appeal relating to General Sessions Case. Nos. 13GT5292, 13GT5302, 13GT5303, and 13GT5304 (the "First Action") and the present action involve identical subject matter.
>
> 4. The relevant analysis of whether two actions have "identical subject matter" is the transactional test adopted by the Tennessee Supreme Court in *Creech v. Addington*, 281 S.W.3d 363 (Tenn. 2009), for the purpose of analyzing whether a second action is the "same cause of action" as the first action for res judicata purposes. As such, like the res judicata doctrine, the prior-suit-pending doctrine "applies not only to issues actually raised in the first suit, but also to issues that could have been raised regarding the same subject matter." *Fidelity & Guar. Life Ins. Co. v. Corley*, 2003 WL 23099685, at * 3 (Tenn. Ct. App. 2003).

5. From a review of Outloud!'s Petition for Writ of Certiorari in the First Action and Outloud!'s Proposed Intervening Complaint in this action, it is clear that the two pleadings raise identical issues. Accordingly, for purposes of the prior suit pending doctrine analysis, the First Action and this action involve the same subject matter.

6. With regard to the second element of the prior suit pending doctrine analysis, this Court finds that this action and the First Action involve the same parties.

7. Under Tennessee law, the prior suit pending doctrine still applies where the parties in the two cases are "sufficiently similar so as to make no practical difference." *Fid. & Guar. Life Ins. Co. v. Corley*, 2003 WL 23099685, at *5 (Tenn. Ct. App. 2003). Because this action and the First Action involve parties that are sufficiently similar as to make no practical difference, Dialysis Clinic, Inc. ("DCI") has satisfied the second element.

8. This Court further finds that the final two elements have been satisfied because the First Action remains pending in the Tennessee Court of Appeals, which has both subject matter jurisdiction and personal jurisdiction over the parties.

The trial court then addressed DCI's alternative basis for opposing Outloud!'s motion to intervene into the case: that Outloud! had not satisfied the requirements of Tenn. R. Civ. P. 24.01, to intervene as a matter of right, or Tenn. R. Civ. P. 24.02, to intervene on a permissive basis. The court wrote:

11. Both Rule 24.01 and 24.02 require that a motion to intervene be timely. *See* Tenn. R. Civ. P. 24.01, 24.02. A determination regarding "[W]hether a motion to intervene has been timely filed is determined by the facts and circumstances of the case, and equitable principals govern the trial court's determination." *Am. Materials Techs., LLC v. City of Chattanooga*, 42 S.W.3d 914, 916 (Tenn. Ct. App. 2000).

12. Tennessee courts consider the following factors in deciding whether a motion to intervene is timely: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervener knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervener's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Lee v. City of Memphis*, No.

W2011-01643-COA-R3-CV, 2012 WL 1245665, at *3 (Tenn. Ct. App. Apr. 11, 2012).

13. With regard to the first factor, the Court finds that the filing of this Motion to Intervene is untimely, as it was filed two years after this action commenced.

14. With regard to the second factor, this Court finds that the relief sought in Outloud!'s Intervening Complaint is the same relief it seeks in the First Action and, therefore, there is no purpose for the intervention.

15. With regard to the third factor, this Court finds that Outloud! knew or reasonably should have known of its interest on or around December 17, 2014. Emails dated December 17, 2014, between Outloud!'s counsel and Kevin Medley clearly show that Outloud!'s counsel was discussing the First Action and as it pertains to Outloud!. Accordingly, Outloud! knew or should have known facts sufficient for it to seek to intervene in this action.

16. Finally, with regard to the fourth and fifth factors, allowing Outloud! to intervene at this late stage in the litigation would prejudice DCI. Further, the only unusual circumstance in this case is that Outloud!'s intervention is barred by the prior suit pending doctrine.

17. This Court finds that Outloud!'s Motion to Intervene is untimely under both Rule 24.01 and Rule 24.02.

Outloud! appeals the trial court's denial of its motion to intervene. It argues the trial court erred in (1) denying its intervention as a matter of right; (2) denying its intervention on a permissive basis; and (3) dismissing its motion based on the prior suit pending doctrine. Outloud! also contends the trial court erred in failing to rule that it is a necessary party because the validity of its leases is vital to the determination of the validity of the leases belonging to Mr. Medley, Canvas Lounge, LLC, and 3 Entertainment, LLC.

## II. ANALYSIS

The trial court's order denying Outloud!'s motion to intervene did not address Outloud!'s contention that it was a necessary party pursuant to Tenn. R. Civ. P. 19.01. That rule provides:

A person who is subject to service of process shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of

- 5 -

the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

TENN. R. CIV. P. 19.01.

Outloud! relies on the case *Adler v. Double Eagle Properties Holdings, Inc.*, No. W2010-01412-COA-R3-CV, 2011 WL 862948 (Tenn. Ct. App. Mar. 14, 2011), to support its claim that it is a necessary party to this litigation. That case involved the lease of the rooftop portion of a building to a site management company in exchange for $135,000. *Adler*, 2011 WL 862948, at *1. The site management company assigned its interest in the agreement to its wholly-owned subsidiary. *Id.* When the owner of the building ("the seller") entered into an agreement to sell the building to a holdings company ("the buyer"), a dispute arose prior to the closing regarding whether the seller or the buyer was entitled to a portion of the $135,000 lease payment by the site management company for the use of the rooftop portion of the building. *Id.* The seller sued the buyer and failed to include either the site management company or its assignee as parties to the action. *Id.* at *2. The trial court granted the buyer's motion for summary judgment, and the seller appealed. *Id.* at *2.

Before addressing the issues the parties raised, this Court asked, *sua sponte*, whether all necessary parties were included in the lawsuit. *Id.* at *3. Citing the Declaratory Judgment Act, the *Adler* court determined that Tenn. Code Ann. § 29-14-107(a)[1] "'imposes stricter requirements than those imposed generally by Tennessee Rules of Civil Procedure 19.01 and 19.02.'" *Id.* at *3 (quoting *Huntsville Util. Dist. of Scott Cnty.*, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992)). The *Adler* court wrote that "[a] party to an agreement may be a necessary party to a declaratory judgment action construing that agreement," and referenced another case initiated by a landowner to interpret a lease in which our Supreme Court held that "the original lessee and the assignee of the entire lease were necessary parties." *Id.* at *4 (citing *David v. Coal Creek Mining & Mfg. Co.*, 461 S.W.2d 29, 32 (Tenn. 1970)). Noting that "identifying the

---

[1]Tennessee Code Annotated section 29-14-107(a) states:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.

necessary parties in a declaratory judgment action is fact intensive and depends on the type of case and issues involved," the *Adler* court concluded that the trial court had erred by failing to include "the holder of current contractual rights under the Rooftop Agreement in this declaratory judgment action" and vacated the trial court's judgment. *Id.* at \*5, \*7; *see also Little v. City of Chattanooga*, No. E2018-00870-COA-R3-CV, 2019 WL 1308264, at \*8 (Tenn. Ct. App. Mar. 21, 2019).

The parties to the lease agreements that DCI relies upon in this case are DCI and Ted Jensen, individually and d/b/a Outloud!. Although the trial court denied Outloud!'s motion on the basis of prior suit pending and Rule 24, it did not address Outloud!'s argument that it is a necessary party pursuant to Tenn. R. Civ. P. 19.01. Until the trial court rules on Outloud!'s argument, that issue is not ripe for review by this Court. As the *Adler* opinion makes clear, the trial court should also consider whether Outloud! and Ted Jensen are necessary parties pursuant to the Declaratory Judgments Act.

## III. CONCLUSION

The trial court's judgment is vacated and the case is remanded with instructions that the trial court address Outloud!'s assertion that it is a necessary party. The court should also determine whether the Declaratory Judgments Act requires that Outloud! and Ted Jensen be made parties to the case. Costs of this appeal shall be split evenly between Outloud!, Inc. and Dialysis Clinic, Inc.

_____

ANDY D. BENNETT, JUDGE